**James Earl REDDEN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 23, 1971.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from a conviction of possession with intent to sell dangerous drugs. 16 Del.C. § 4724. The question is whether there was sufficient evidence of the element of intent to sell.

The defendant's apartment was searched by the police under a warrant. They found 3 plastic envelopes containing about 12 ounces of marijuana, 29 small sealed manila packets ("nickel bags") containing marijuana and 84 empty packets. In the defendant's coat in a closet, the police found a manila envelope containing marijuana and two marijuana cigarettes. This was the sum and substance of the evidence against this defendant upon the basis of which the jury found him guilty of possession with intent to sell. The defendant's repeated motions for acquittal were denied. The defendant was sentenced to imprison-

ment for five years,[1] the last two years suspended. The defendant has waived all other grounds of appeal except the one here discussed.

 It was, of course, incumbent upon the State to prove the element of intent to sell, as well as all other elements of the offense, by competent evidence sufficient to justify submission of the issue to the jury. There was no direct evidence of the element of intent. The only evidence related to this facet of the case was circumstantial: the quantity of the drug found in the defendant's possession. There was no evidence of a sale or an attempted sale; or of a dollar value; or of the quantity of marijuana an average consumer may be reasonably expected to have in his home; or of the quantity this defendant in particular may reasonably have had in his home for personal consumption. Moreover, there is no statutory standard or guideline from which an inference or presumption of intent to sell may arise.[2] A jury may not be permitted to speculate as to these determinative factors.

We hold, therefore, that there was not sufficient evidence of intent to sell in this case to warrant the submission of that issue to the jury. The circumstantial evidence rule does not save the conviction because guilt of intent to sell is not the only reasonable hypothesis to be drawn from the possession of the quantities here involved.

 However, the offense of possession with intent to sell includes the lesser offense of simple possession. 16 Del.C. § 4728(d). In the instant case, the evidence of guilt of the lesser offense is ample.

Accordingly, the judgment below is reversed; and the cause is remanded with instructions to enter a judgment of conviction and impose a new sentence, under 16 Del.C. § 4722, upon the lesser offense of simple possession.

1. The offense of possession with intent to sell dangerous drugs (16 Del.C. § 4724) carries a minimum sentence of $1,000. and 5 years' imprisonment and a maximum sentence of $10,000. and 10 years. The offense of possession only (16 Del. C. § 4722) carries a maximum sentence of $500. and 2 years' imprisonment.

2. Compare provisions of the law relating to sufficient evidence of unlawful intent to sell alcoholic liquor [4 Del.C. § 722 (5)] and of contraband cigarettes [30 Del.C. § 5342(a)]. There seems to be a void in our law in this connection as to the offense of intent to sell dangerous drugs. We take the occasion to invite the attention of the General Assembly to the desirability of a statutory standard or guideline as to the quantity of dangerous drug in possession from which a presumption or inference of unlawful intent to sell may arise.