**Robert J. WILLIAMS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 2, 1971.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Richard H. Schliem, III, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices:

HERRMANN, Justice:

This is an appeal from conviction of unlawful possession of narcotic drugs with intent to sell. 16 Del.C. § 4725. The salient question is whether there was sufficient evidence of intent to sell to take the case to the jury on that issue.

The police officers had a search warrant for the defendant and his automobile, based upon earlier surveillance of drug-sales activities involving the defendant and informants. The defendant was apprehended on the street, in mid-morning, as he

was leaving his residence. Found on his person were 11 glassine bags of heroin and $124 in cash. He was admittedly a long-time addict.

At the trial, a member of the Police Vice Squad, having special education and experience in drug trafficking, testified as an expert that a user would not ordinarily carry 11 bags of heroin on his person on the street for his own use, although it would not be unusual for an addict to purchase that much at a time; that a user would ordinarily "stash" such quantity for his personal use to avoid seizure by the police.

■ We agree with the Trial Judge that the circumstantial evidence of the element of intent to sell was sufficient in this case to warrant submission of that issue to the jury. It is our opinion that intent to sell was the only reasonable hypothesis to be drawn from the possession of the quantities found on the person of the defendant under the circumstances here presented.

The recent case of Redden v. State, Del.Supr., 281 A.2d 490 (1971) is not to the contrary. There, the sole evidence in the case was that 12 ounces of marijuana were found in the defendant's home. No additional evidence was introduced to buttress that circumstance; and we found the bare evidence of quantity insufficient in itself, under the circumstances of the case, to prove an intent to sell. The case now before us, on the other hand, is commendably stronger by reason of the evidence which was adduced by the State to support the evidence of quantity.

■ Finally, the defendant contends that the sentence of 15 years' imprisonment, imposed in the instant case, constitutes cruel and inhuman punishment for

the defendant who was an addict; that narcotic addiction is a disease properly subject to medical treatment; and that, in the light of contemporary knowledge as it relates to narcotic addiction, the Delaware Statute, 16 Del.C. § 4725,* violates the guaranties of the Federal and State Constitutions against cruel and inhuman punishment. We find no merit in this contention. Imprisonment, itself, cannot be said to be violative of the constitutional proscription. The limits of the term of imprisonment, deemed consonant to fit the nature of the crime, have been matters for legislative determination traditionally. So long as drug offenses are deemed crimes by the General Assembly, terms of imprisonment prescribed therefor by the General Assembly cannot be deemed cruel and inhuman punishment.

Affirmed.

---

* Del.C. § 4725 provides:

"§ 4725. Unlawful sale of, attempt to sell, or possession with intent to sell a narcotic drug; penalty

"Whoever knowingly and unlawfully sells, attempts to sell, or has in his possession with intent to sell a narcotic drug shall be fined not less than $5,000 nor more than $50,000 and imprisoned not less than 10 years nor more than 25 years."