**Joseph M. FARREN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 2, 1971.

Michael F. Tucker and John C. S. Frank, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Richard R. Wier, Jr., State Prosecutor, Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice:

This is an appeal from conviction of unlawful possession of a dangerous drug with intent to sell. 16 Del.C. § 4724. The salient question is whether there was sufficient evidence of intent to sell to support the conviction.

Armed with a search warrant for the person of the defendant, based upon earlier surveillance of drug-sales activities by the defendant in the neighborhood here involved, police officers approached him as he sat in an automobile near a high school during the noon lunch recess. In the automobile with him were four students of the high school; the defendant was not a student. The area involved was known to the officers as a place often used for the sale of drugs to high school students during lunch recess. As the defendant stepped out of the automobile upon instructions of the officers, he removed a paper bag from under his coat and placed it on the seat of the automobile. The paper bag contained 20 "nickel" ($5) bags of marijuana, being about two ounces in weight and sufficient for 80 cigarettes. The defendant's only explanation was that he was going to have a "party" that night. Two members of the Police Vice Squad, having special education and experience in drug trafficking, testified as experts that a user ordinarily would smoke not more than eight marijuana cigarettes per day and ordinarily would not carry on his person more than a one-day supply.

We agree with the Trial Judge that the only reasonable inference to be drawn from the quantity of drugs found on the defendant's person, under the circumstances of this case, is an intent to sell. Such intent, in our opinion, is the only reasonable hypothesis to be drawn from the circumstantial evidence presented here. We hold, therefore, that the evidence was sufficient to support the conviction.

The recent case of Redden v. State, Del.Supr., 281 A.2d 490 (1971) is not to the contrary. There, the sole evidence in the case was that 12 ounces of marijuana were found in the defendant's home. No additional evidence was introduced to buttress that circumstance; and we found the bare evidence of quantity insufficient in itself, under the circumstances of the case, to prove an intent to sell. The case now before us, on the other hand, is commendably stronger by reason of the evidence which was adduced by the State to support the evidence of quantity.

Affirmed.