Antonio BYRD, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 25, 1983.

Decided: March 14, 1983.

Raymond J. Otlowski (Argued), Asst. Public Defender, Wilmington, for appellant.

Cynthia R. Christfield (Argued), Deputy Atty. Gen., and Alan Levin, Deputy Atty. Gen., Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

PER CURIAM:

Defendant appeals his conviction of Possession with Intent to Deliver Marijuana in violation of 16 Del.C. § 1451 and Resisting Arrest. He contends that: (a) there was insufficient evidence of intent to sell to support his conviction and (b) the Trial Court erred in refusing to suppress evidence seized after an allegedly improper detention and warrantless search of the defendant.

The charges against defendant stem from a police search for a criminal mischief suspect. Patrolmen were searching at 4:40 a.m. for a black male, wearing a blue jacket, blue pants and white sneakers. Defendant was spotted approximately two blocks from the scene of the original complaint. Defendant was wearing a blue vinyl jacket with "Delaware" emblazoned in gold across the front, Army fatigue pants and white sneakers. The patrolmen stopped their car and ordered defendant to approach them. They informed defendant he was a suspect in a criminal mischief case. As an officer began to frisk defendant, defendant started to fight with him and was placed under arrest for resisting arrest. The officer resumed the frisk and found a hard object which turned out to be a spoon. The officer also discovered a clear plastic bag and eight manila envelopes ("nickle bags") containing marijuana as well as twenty-one empty manila envelopes.

At trial, a police drug expert testified that 29 grams of marijuana had been seized and that although such an amount could have been for personal consumption, the packaging led him to believe that "someone would be selling these drugs." Defendant testified that he was a marijuana user and the amount seized was enough to make approximately seventy cigarettes.

Defendant contends that the State's evidence supported only a jury instruction on simple possession and was insufficient to establish intent to sell marijuana. Defendant relies upon Redden v. State, Del.Supr., 281 A.2d 490 (1971) wherein this Court held that circumstantial evidence of quantity alone was insufficient to permit an inference of intent to sell.

Here, however, the State went beyond mere quantity. In addition to showing that defendant possessed enough marijuana for seventy cigarettes, the State also produced a tablespoon found on defendant's person which was described as a common form of measurement in packaging marijuana. More significantly, the police drug expert testified that although the amount of marijuana discovered could have been for personal consumption, the packaging precluded such a conclusion. He stated:

> Taking everything together, the empty bags, the one plastic bag with the 11 grams of marijuana, and the nine what I call "nickle bags", $5 bags, plus the manila envelopes, my opinion is someone would be selling these drugs. There would be no reason to package them this way for your own use.

Viewed in its entirety, the State's evidence was sufficient to justify an instruction for the charge of Possession with Intent to Deliver Marijuana.

■ Defendant next contends that no probable cause existed for his initial detention or search by police, thus rendering the fruits of that search, the marijuana and the manila envelopes, inadmissible as evidence.

The United States Supreme Court has held that an officer may detain or "stop" an individual if he is "able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. State of Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

A similar standard for detention is found in Delaware law in 11 *Del.C.* § 1902(a), which provides:

> A peace officer may stop any person abroad, or in a public place, who he has *reasonable ground* to suspect is committing, has committed or is about to commit a crime, and may demand of him his name, address, business abroad and where he was going. (emphasis added).

*See also, State v. Wrightson,* Del.Supr., 391 A.2d 227 (1978) (§ 1902 detention held unlawful in absence of facts constituting probable cause to stop and detain defendant).

In this case, the police officer was able to point to specifically articulable facts, or reasonable grounds, which gave rise to a suspicion that defendant had committed a crime. Police spotted defendant at 4:40 a.m. while investigating a criminal mischief complaint. Defendant fit the general description of the suspect and was, in fact, the only male observed near the crime scene at that early morning hour. Based on these facts, there was probable cause for the police to detain defendant.

The search of defendant's person prior to his arrest was also justified and not improper. In *Terry v. Ohio, supra,* 392 U.S. at 27, 88 S.Ct. at 1883, the United States Supreme Court held that a police officer, upon stopping an individual, may conduct a protective pat down search for weapons. *See also,* 11 *Del.C.* § 1903; *State v. Prouse,* Del.Supr., 382 A.2d 1359 (1978) (police may conduct protective frisk of one suspected of criminal activity).

The police search was limited in scope to a pat down of defendant's outer clothing to discover weapons which might be used against them. The officer who conducted the search testified: that defendant was frisked because they intended to transport him to the scene of the crime and they wanted to be sure that he could not pull a weapon on them while in the police car. The search of defendant's person was fully justified under *Terry v. Ohio, supra.*

As the detention and search of defendant was not improper under existing Federal and Delaware law, the Trial Court did not commit error in refusing to suppress the evidence found in the pat down search.

\*      \*      \*

Affirmed.