STATE of Delaware

v.

Tina Fay HEFTON, Defendant.

Superior Court of Delaware,
New Castle County.

Submitted: Aug. 11, 1988.
Decided: Oct. 14, 1988.*

* Selected for publication Feb. 7, 1991.

Jeffrey K. Bartels, Deputy Atty. Gen., Dept. of Justice, for State of Del.

Leo J. Rammuno, Wilmington, Del., for defendant.

TAYLOR, Judge.

The defendant, Tina Hefton, was found guilty of trafficking in cocaine (16 *Del. C.* § 4753A(a)(2)) and possession with intent to deliver a narcotic schedule II controlled substance: cocaine (16 *Del. C.* § 4751(a)).[1] The element of intent in the charge of possession with intent to deliver was established by evidence of the quantity of drug possessed by the defendant and the expert testimony of a police detective who is knowledgeable as to the practices of drug users and who testified that the quantity which defendant possessed was more than a "user" of the drug would ordinarily carry or have. Counsel for defendant argues that defendant cannot be convicted and sentenced for both of these charges because to do so would subject the defendant to double jeopardy in violation of the United States Constitution.

## I

 Defendant contends that she cannot be sentenced for both the trafficking and the possession with intent to deliver convictions because this would impose multiple punishments for a single criminal act. The submissions have focused primarily on the Delaware Supreme Court decision in *Jefferson v. State*, Del.Supr., 543 A.2d 339 (1988) (Order), and this Court's decisions in *State v. Parson*, Del.Super., 509 A.2d 90 (1986); *State v. Geller*, Del.Super., IN–85–11–0834, IN–85–12–1771–1775, 1987 WL 8690, Balick, J. (February 5, 1987) (Letter Op.); and *State v. Skyers*, Del.Super., Cr.A.Nos. IN–86–02–0775, IN–86–03–0339, 1988 WL 55311, Martin, J. (May 31, 1988) (Memo. Op.), *motion for reconsideration denied*, 1988 WL 77712, Martin, J. (July 21, 1988) (Memo.Op.). All of these cases considered whether simultaneous conviction and sentencing on a charge of drug trafficking and a charge of possession of a drug with intent to deliver it, involving the same occur-

rence and the same drug, violated double jeopardy.

*Geller* applied the holding of the United States Supreme Court in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) that the double jeopardy clause only prevents imposing greater punishment than the legislature intended. In searching for legislative intent with respect to the statutes in the two charges, the Court looked to the standard which was specified in 11 *Del. C.* § 206(a)(1) and § 206(b)(1), noting that that statutory standard was similar to that announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Applying that standard, *Geller* found that each statute required proof of a fact which the other did not require, and held that conviction and sentencing on both charges was permissible.

The Delaware Supreme Court in *Jefferson* commented that this Court's decision in *Geller* "correctly states the law applicable in cases such as this" and held that because trafficking in a drug and possession of a drug with intent to deliver it each involved proof of a fact which the other does not, simultaneous conviction and sentencing on both charges was permissible. *Jefferson, supra*, at 2.

It should be noted that in *Geller* the defendant's intent to deliver the drug was established by testimony of defendant's confederate who, after being granted immunity, testified about previously having received drugs from defendant and that when defendant was arrested, defendant and the witness were meeting for the purpose of transferring the drugs from defendant to the witness. Therefore, in *Geller* the prosecution did not rely on the quantity of the drug to create an inference of intent to deliver.

In *Skyers*, the prosecution did not rely on evidence of prior drug dealing or testimony of a confederate describing defendant's intention to deliver the drug, as the prosecu-

---

1. In addition to the two charges mentioned above, defendant was convicted of other charges growing out of this occurrence which need not be considered under the issue being discussed here.

tion had done in *Geller.* Instead, the prosecution relied on the quantity of drug to support the inference that defendant intended to deliver the drug.[2] The Court in *Skyers* held that the same evidence, namely, the quantity of drugs was used to prove the trafficking charge and the possession with intent charge, and held that the conviction and sentencing on both charges was barred by double jeopardy. Addressing the subject of legislative intent, *Skyers* found no legislative intent to have the sentences for trafficking and possession with intent run consecutively.

One of the grounds which *Skyers* relied on in finding that the General Assembly did not intend to make consecutive sentences for possession with intent to deliver and trafficking was the failure of the trafficking statute to include language similar to that in 11 *Del. C.* § 1447(c), which states that a sentence for possession of a deadly weapon during commission of a felony shall not run concurrently with any other sentence. That statute has undergone a succession of modifications which have increased its harshness in response to court decisions which have interpreted the statute in a more restrictive manner. *Cf. Davis v. State,* Del.Supr., 400 A.2d 292 (1979); *rev'd. on other grounds, LeCompte v. State,* Del.Supr., 516 A.2d 898 (1986). The language of § 1447(c) quoted in *Skyers* was enacted in 1976 by 60 *Del. Laws* Ch. 306. Two days later, an amendment to 11 *Del. C.* § 3901 was enacted which by its terms eliminated concurrent sentences of imprisonment entirely and required that all such sentences run consecutively. 60 *Del. Laws* Ch. 308; *Cf. Davis,* 400 A.2d at 295. *Skyers* proceeded from the premise that no legislative intent had been expressed which was applicable to the statutes involved here. That legislative intent has been expressed in 11 *Del. C.* § 3904 as well as in the title of the trafficking statute. That intent is that the penalty

for violation of each statute shall be successive.

*Skyers,* also discussed the provisions of 11 *Del. C.* § 206 and the clarifying decision in *Mackie v. State,* Del.Supr., 384 A.2d 625 (1978), and concludes that the conviction of *Skyers* on the charges of possession with intent and trafficking depended on the "same proof" and, hence, could not constitute separate convictions. This conclusion does not flow from § 206. The pertinent language of § 206 quoted in *Skyers,* which appears in paragraph (b)(1) refers to "proof of the same or less than all the facts required to establish the commission of the offense charged". *Skyers* apparently equates proof of facts with evidence. It is clear from the Commentary which follows § 206 of the Delaware Criminal Code that the draftsmen of the Code were referring to proof of the elements of the crime and not to evidence. The interchangeable reference to proof of facts and proof of elements when referring to the same concept finds its origin in *Blockburger, supra.*

## II

In *LeCompte v. State,* Del.Supr., 516 A.2d 898 (1986) the Supreme Court reviewed recent decisions of the United States Supreme Court dealing with cumulative sentencing and concluded that where cumulative sentences are imposed in a single trial, the consideration is to assure that the sentencing court must not impose a greater punishment than that intended by the leglislature. *LeCompte,* 516 A.2d at 900, *citing Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983).

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the court must determine whether the two statutes proscribe the "same offense". *Id.* If the two statutes cover the same offense, the conclusion is that the legislature did not intend to provide cumulative punishments in the ab-

---

**2.** The opinion in *Skyers* does not indicate whether the prosecution also introduced testimony to the effect that the quantity of drug which defendant had was more than the quantity which a user of the drug would normally have—which is

essential to a conviction where no direct evidence of intent is present. *Cf. Farren v. State,* Del.Supr., 285 A.2d 411 (1971); *Williams v. State,* Del.Supr., 286 A.2d 756 (1971).

sence of a clear indication of contrary legislative intent. *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715, 724 (1980).

Whether two statutes proscribe the same offense depends upon whether each statute requires proof of a fact or element that the other does not. *Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275, 280 (1981); *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309.

The Delaware Supreme Court in *Jefferson, supra*, defined the elements of these two offenses as follows:

> The elements of possession with intent to deliver are: 1) possession, and 2) intent to deliver. 16 *Del. C.* § 4751(a). The elements of trafficking are: 1) possession, and 2) the quantity possessed. 16 *Del. C.* § 4753A(a)(2).

Based on that analysis, the Supreme Court held:

> each offense involves proof of a fact which the other does not. Therefore, it follows from the *Blockburger* test and the provisions of 11 *Del.C.* § 206 that the appellant may be prosecuted, convicted, and sentenced separately for each of the offenses.

### III

■ In this case defendant contends that because the evidence of the quantity of drug was used to prove both the element of intent to deliver and the quantity element required to establish trafficking, sentencing on both charges violates principles of double jeopardy. This contention departs from the traditional standard which looks to the fact or element of the crime and would substitute a standard based upon the specific evidentiary proof. No Supreme Court decision has been cited which determines double jeopardy based upon the evidence which is presented to support the charges.

It is noted that in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the United States Supreme Court considered whether the offense of failing to reduce speed to avoid an accident was the "same offense" as manslaughter under Illinois law. In that case defendant initially pled guilty to a charge of failing to reduce speed to avoid an accident. Thereafter, defendant was charged with manslaughter for a death which resulted from the same accident. The Illinois Supreme Court held that the later charge was barred by the double jeopardy prohibition of the federal constitution. The reasoning of the Illinois Supreme Court was that the failure to reduce speed to avoid the accident to which defendant pled guilty could be relied upon to prove reckless conduct to support that manslaughter charge. It concluded that since the failure to reduce speed charge required no greater proof than that required for manslaughter, the failure to reduce speed charge was a lesser-included charge in manslaughter and the guilty plea on the failure to reduce speed charge barred the subsequent manslaughter charge. The United States Supreme Court accepted the contention that the act of failing to reduce speed might be used as the reckless ingredient of the manslaughter case and indicated that in such case the conviction would "create [a] claim of double jeopardy [which] would be substantial". *Vitale*, 447 U.S. at 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238. However, because the record was unclear what act of reckless driving would be used in that manslaughter prosecution, the Court remanded the matter to the state court for further proceedings.

While *Vitale* does require an examination of the specific charges to determine the facts of each charge, it does not stand for the proposition that the evidentiary proof must be examined and compared in applying double jeopardy standards. It must be noted that *Vitale* involved successive criminal prosecutions. No Supreme Court decision has been found which has looked to evidence to determine whether the two charges, when tried together, constituted double jeopardy; instead, where simultaneous trial occurred, the Court compared the "facts" or "elements" required to be proved for each offense. *Albernaz* and *Hunter*, which have been decided by

the Supreme Court since *Vitale*, have reiterated the traditional *Blockburger* test for determining whether charges under two statutes involve the same offense, namely, that where each charge requires proof of a fact or element which the other does not, the charges are not the same.

Both *Vitale* and the predecessor decision of *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), which *Vitale* relied upon, involved successive prosecutions. Since no decision has been found where the United States Supreme Court has applied *Vitale* to a case involving simultaneous trial of multiple charges, I do not find *Vitale* to be a sufficient basis for departing from *Blockburger* (which involved simultaneous trial) in the present case.

Even if it should be held that reliance upon the same evidence to prove two charges is sufficient ground to bar separate conviction and sentencing on both charges, that would not entitle defendant to escape sentencing on both charges here. Defendant's conviction on possession with intent to deliver does not rest on the mere possession of a minimum quantity of drug. In order to prove the requisite intent, it was necessary for the prosecution to prove that the quantity possessed was in excess of the amount which a user of the drug would ordinarily carry or have. *Farren v. State*, Del.Supr., 285 A.2d 411 (1971); *Williams v. State*, Del.Supr., 286 A.2d 756 (1971); *Cf. Redden v. State*, Del.Supr., 281 A.2d 490 (1971). It is the evidence presented by an expert on the drug possession and consumption by users which provided the evidentiary ingredient which, when considered in connection with the quantity which defendant possessed, proved defendant's intent to deliver the drug. Evidence of the quantity of drug possessed, standing alone, does not prove intent to deliver it. *Redden*, 281 A.2d at 491.

Not only an additional element was required but additional evidence was required in order to prove possession with intent to deliver. Therefore, the two charges do not involve the same offense under the foregoing discussions.

IV

Even if the two charges proscribe the same offense, separate sentencing is not barred if it is demonstrated that it was the intent of the General Assembly to provide for separate sentencing. *Albernaz*, 450 U.S. at 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275, 282.

The title of the bill which created the crime of drug trafficking is of significance in ascertaining the legislative intent. Its title is:

> An Act to Amend Chapter 47, Title 16 of the Delaware Code to Create Enhanced Penalties for Drug Trafficking. 63 *Del. Laws* Ch. 134.

It will be noted that this is the first statute in this State which defined a drug crime in terms of the quantity of drug or drug-containing substance. Prior statutes had defined crimes in terms of possession (16 *Del. C.* § 4754) or possession with intent to deliver the drug (16 *Del.C.* § 4751). No specific quantity was required for violation of the prior statutes and no provision was made for penalties reflecting the quantity of drug. Those statutes remain as they were prior to enactment of § 4753A.

The phrase "Create Enhanced Penalties" in the title of the trafficking statute is of significance in determining the intended effect of the statute on the imposition of penalties under the preexisting drug statutes. The word "enhance" means to place higher than usual. *Webster's Third New International Dictionary*, 753 (16th ed. 1971). It also means to increase. *Id.; Black's Law Dictionary*, 475 (5th ed. 1979); *Ballantine's Law Dictionary*, 404 (3rd ed. 1969). The phrase "add to" is also an appropriate synonym for enhance. Hence, the objective of the bill was to create additional penalties for those who possess drugs (with or without intent) if the quantity is in the amount specified in the trafficking statute. By its terms, penalties provided in the new statute were not substitute penalties intended to replace the existing penalties for possession (with or without intent to deliver) but were in addi-

tion to the penalties which would be imposed under the existing statutes.

The legislative atmosphere in which the legislation was enacted is another consideration in determining the legislative intent in enacting the trafficking statute. In recent years as public attention has become focused increasingly upon the need to deter distribution of drugs, the legislative response has been to create designations of crimes and to make penalties for drug offenses more severe. This is true at both federal and state levels.[3] The Delaware statute which established the crime of drug trafficking was enacted in response to that trend. Since the objective was to bring more pressure on drug dealers by providing the potential of more severe penalties and thereby provide greater deterrent for those who would otherwise be involved in drug dealings, the inference is clear that legislators did not intend the newly enacted statutes to be applied in such manner as to reduce the penalties which the law provided under existing drug laws.[4]

The Delaware Supreme Court has recognized the intensified legislative efforts in this State to cope with the increase in drug distribution and noted that the trafficking statute involved here was a further tool for dealing with that problem. *Traylor v. State*, Del.Supr., 458 A.2d 1170, 1178 (1983). The Court further noted that other states have enacted similar statutes. *Id.*

Further indicia of legislative intent is the blanket mandate in 11 *Del.C.* § 3901(d), which provides:

No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.

This language is clear and serves as a continuing declaration by the General Assembly that criminal sentencings involving imprisonment will be imposed as provided for each crime and will not be merged but will run consecutively. It negates the contrary presumption which the United States Supreme Court applied with respect to federal statutes in *Ball v. United States*, 470 U.S. 856, 860, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740, 746 (1985), insofar as that presumption might otherwise be applied to Delaware criminal statutes.

## V

Based on the foregoing considerations, I conclude that the convictions of defendant on the charge of trafficking in cocaine and of possession with intent to deliver a narcotic schedule II controlled substance: cocaine growing out of the same occurrence do not violate principles of double jeopardy. Accordingly, defendant will be sentenced on both charges.

---

3. This legislative trend at the federal level is evidenced by the successive amendments to 21 U.S.C.A. § 841(b) (1981 & West Supp.1988). For a discussion of the legislative history and penalty provisions of this Act, see generally, Pub.L. No. 91–513, 1970 U.S.Code Cong. & Ad. News (84 Stat.) 4566; Pub.L. No. 95–633, 1978 U.S.Code Cong. & Ad.News (92 Stat.) 9496; Pub.L. No. 96–359, 1980 U.S.Code Cong. & Ad. News (94 Stat.) 2858; Pub.L. No. 98–473, 1984 U.S.Code Cong. & Ad.News (98 Stat.) 3182; Pub.L. No. 99–570, 1986 U.S.Code Cong. & Ad. News (100 Stat.) 5393. The bill which is presently being considered by Congress demonstrates that the trend is continuing.

4. 16 *Del. C.* § 4751 amended: 58 *Del. Laws* Ch. 424 (1972), 59 *Del. Laws* Ch. 132 (1973), 62 *Del. Laws* Ch. 346 (1980), 65 *Del. Laws* Ch. 52 (1985); 16 *Del. C.* § 4752A added 62 *Del. Laws* Ch. 252 (1980), and amended 63 *Del. Laws* Ch. 72 (1981); 16 *Del. C.* § 4753A added 63 *Del. Laws* Ch. 134 (1981), and amended 63 *Del. Laws* Ch. 359 (1981), 64 *Del. Laws* Ch. 87 (1982), 65 *Del. Laws* Ch. 317 (1985), 65 *Del. Laws* Ch. 485 (1985).