Eric CLINE, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 36, 1998.

Supreme Court of Delaware.

Submitted: Oct. 7, 1998.
Decided: Oct. 15, 1998.
As Corrected Oct. 20, 1998.
Rehearing Denied Dec. 7, 1998.

P. Bradford deLeeuw (argued) and Timothy N. Collins, Assistant Public Defenders, Wilmington, for Appellant.

John Williams, Deputy Attorney General, Department of Justice, Dover, for Appellee.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

PER CURIAM:

In this appeal we reverse the trial court's denial of a motion for a judgment of acquittal on the charge of possession of a controlled substance with intent to deliver. During its case in chief, the State presented evidence only of the amount and packaging of the drugs the defendant possessed as well as defendant's flight from apprehension. We are asked to consider whether this constitutes sufficient evidence of intent to deliver to survive a motion for judgment of acquittal. We decide that it does not.

### Background

On August 23, 1997, Corporal Ralph S. Hale of the Wilmington Police Department observed defendant Eric Cline place an unknown object under the front left tire of a vehicle. Corporal Hale found a plastic bag containing nine smaller bags under the vehicle's front left tire. The only expert testimo-

ny presented at trial was offered to identify the substance in the bags. That testimony showed that one of the smaller bags contained marijuana while the other eight contained small quantities of crack cocaine. After recovering the plastic bags, Corporal Halc told Cline to stop, but Cline instead ran away. Halc eventually found Cline hiding in a nearby backyard and arrested him.

The State charged Cline, a juvenile, with delinquency.[1] One count charged Possession of a Non–Narcotic, controlled substance (in violation of 16 *Del.C.* § 754(a)), one count charged Resisting Arrest (in violation of 11 *Del.C.* § 1257), and one count charged Possession with Intent to Deliver a Narcotic Controlled Substance (in violation of 16 *Del.C.* § 4751(a)). Only the intent to deliver charge is implicated in this appeal.[2]

The Family Court heard Cline's case on November 10, 1997. At the conclusion of the State's case, Cline's counsel made a motion for a judgment of acquittal as to the possession with intent to deliver charge. The motion was based on the fact that the State did not present the requisite evidence of intent, and that the State's reliance on the manner in which the drugs in Cline's possession were packaged and Cline's flight were insufficient to survive a motion for acquittal. The prosecution argued that the trial court could use its "common experience" to infer the intent to deliver from the evidence presented. The

trial court denied Cline's motion and later found Cline delinquent on all three charges, sentencing him to 7–30 days incarceration suspended after time served for probation until his 19th birthday.[3]

### Discussion

◼ On appeal from the denial of a motion for judgment of acquittal, this Court decides de novo whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime.[4] For the purposes of this inquiry, this Court does not distinguish between direct and circumstantial evidence of defendant's guilt.[5]

◼ The State's case in chief consisted of testimony from Corporal Halc as to the events of August 23, 1997 and testimony from Dr. Amalendu Dasgupta, the forensic toxicology supervisor at the Delaware State Medical Examiner's office, as to the nature of the substances Corporal Halc found Cline possessing that night. The State presented no expert testimony connecting Cline's activities that night with those typical of a person dealing drugs as distinct from a person possessing drugs for his or her own personal use.[6] This Court has long held that possession, quantity and packaging of drugs are not necessarily sufficient, standing alone, to prove intent to deliver.[7] The State must

---

1. Cline was a juvenile at the time of these proceedings. The fact that these proceedings were delinquency hearings does not affect our review of this case.

2. The statute, 16 *Del.C.* § 4751(a) provides: "Except as authorized by this chapter, any person who manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance or a counterfeit controlled substance classified in Schedule I or II which is a narcotic drug is guilty of a class C felony and shall be fined not less than $5,000 nor more than $50,000."

3. Cline does not challenge the Family Court's finding of delinquency on the simple possession and resisting arrest charges in this appeal.

4. *Davis v. State*, Del.Supr., 706 A.2d 523, 524 (1998); *Monroe v. State*, Del.Supr., 652 A.2d 560, 563 (1995).

5. *Davis*, 706 A.2d at 524; *Hoey v. State*, Del. Supr., 689 A.2d 1177, 1181 (1997); *Skinner v. State*, Del.Supr. 575 A.2d 1108, 1121 (1990).

6. The trial court erroneously relied on the defendant's testimony in his case—after the State's case in chief and the motion for an acquittal—that he was not a drug user. The motion for acquittal must be tested solely on the State's case. The defendant's testimony in his case cannot be considered.

7. *Redden v. State*, Del.Supr., 281 A.2d 490, 491 (1971); *Farren v. State*, Del.Supr., 285 A.2d 411 (1971); *Perry v. State*, Del.Supr., 303 A.2d 658 (1973); *Byrd v. State*, Del.Supr., 458 A.2d 23 (1983) (Per Curiam); *Husser v. State*, Del.Supr., 533 A.2d 1254, 1987 WL 4631 (1987) (Order); *Morales v. State*, Del.Supr., 696 A.2d 390, 394 (1997). In fact, the State relied on *Husser*, among other cases, all of which involved not only proof of quantity but also some expert testimony connecting the quantity with intent to deliver.

prove an additional element beyond possession, quantity and/or packaging to establish that the defendant was not possessing the drugs for personal consumption.[8] This element can take the form of expert testimony,[9] an admission by the defendant,[10] or some other credible evidence. The State presented no credible evidence linking the amount and packaging of drugs Cline possessed with any intent to deliver those drugs.

The trier of fact may not infer intent to deliver as a matter of "common experience." Such "common experience" cannot be cross-examined by the defendant.[11] Rather, the State must present credible evidence of the defendant's intent. The State has failed to do so in this case.[12]

### Conclusion

In light of the foregoing, we reverse Cline's conviction for Possession with Intent to Deliver a Narcotic Controlled Substance, in violation of 11 *Del.C.* § 754(a).

8. The State, citing *Potts v. State,* Del.Supr., 458 A.2d 1165, 1167 (1983), argues that Cline's flight supplies this additional element since it evidences a consciousness of guilt. The State, however, fails to demonstrate that Cline's flight evidences a consciousness of guilt to the charge of intent to deliver rather than the lesser included offense of simple possession.

9. *Redden,* 281 A.2d at 491; *Farren,* 285 A.2d 411; *Byrd,* 458 A.2d 23; *Husser,* 533 A.2d 1254; *Morales,* 696 A.2d at 394.

10. *Perry,* 303 A.2d 658.

11. *Cf. Turbitt v. Blue Hen Lines, Inc.,* Del.Supr., 711 A.2d 1214 (1998).

12. We are not presented with, and do not decide, the issue of whether possession of an extremely large quantity of controlled substances standing alone would suffice as proof of intent to deliver. As we have stated previously in another context, but applicable here, "[i]t is the nature of the judicial process that we decide only the case before us." *Paramount Communications Inc. v. QVC Network Inc.,* Del.Supr., 637 A.2d 34, 51 (1994).