IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH FOWLER, | § | |
| | § | No. 595, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1212003101 |
| | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 28, 2016
Decided: September 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 29th day of September 2016, it appears to the Court that:

(1)    This is a criminal case that resulted in Kenneth Fowler's conviction for Drug Dealing and Conspiracy.  The police arrested Fowler on an unrelated outstanding warrant after stopping the car in which he was riding, and, after smelling marijuana on the driver—Leroy Taylor—and from the car, conducted a warrantless search of the vehicle where they found six baggies of cocaine.  The Superior Court tried Fowler with Taylor as codefendants.  This is Fowler's appeal.

(2)    Fowler's first argument is that evidence from the warrantless search of the vehicle he was riding in should be suppressed because the Delaware

Constitution provides a narrower automobile exception for warrantless searches than does the U.S. Constitution. Here, the car he was riding in was searched after a police officer—Sergeant Rieger—smelled marijuana coming from Taylor (who had stepped out of the car) and from the car itself. The Superior Court allowed the evidence after a suppression hearing. This Court reviews constitutional questions de novo.[1] But, this Court also requires arguments that the Delaware Constitution has been violated to include "a discussion and analysis of one or more of the following non-exclusive criteria: 'textual language, legislative history, preexisting state law, structural differences, matters of particular state interest or local concern, state traditions, and public attitudes.'"[2] Here, Fowler failed to discuss or analyze the assertions he makes about the Delaware Constitution—both before the Superior Court and also before this Court. Thus, his argument on Delaware constitutional grounds is waived.

(3)     Alternatively, Fowler argues that, under Delaware's current law, the police lacked probable cause to search the vehicle he occupied. The Superior Court disagreed, finding that the smells of marijuana constituted probable cause.

---

[1] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[2] *Wallace v. State*, 956 A.2d 630, 637 (Del. 2008) (citing *Ortiz v. State*, 869 A.2d 285, 291 n.4 (Del. 2005), *overruled on other grounds by Rauf v. State*, No. 39,2016, 2016 WL 4224252 (Del. Aug. 2, 2016)).

This Court reviews questions of law de novo.[3]  In the past, this Court has found strong odors of other illegal drugs, by itself, to be sufficient to constitute probable cause.[4]  Federal precedent also suggests the sensible idea that the smell of marijuana—a typically illegal substance particularly when used in a moving vehicle—alone is sufficient to constitute probable cause.[5]  Thus, the Superior Court did not err.

(4)     Next, Fowler argues for the first time that the State did not establish the qualifications to detect marijuana of Sergeant Rieger, who smelled marijuana on Taylor and coming from the car.  Because the issue was not raised before the Superior Court, this Court reviews for plain error.  At the suppression hearing, Sergeant Rieger testified to his almost-fifteen years experience as a police officer generally, long involvement in marijuana investigations more particularly, and his knowledge of how marijuana is typically consumed.  Not only that, it does not take

---

[3] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284 (Del. 2008); *Donald v. State*, 903 A.2d 315, 318 (Del. 2006).

[4] *Hall v. State*, 981 A.2d 1106, 1108–09, 1114 (Del. 2009).

[5] *E.g.*, *U.S. v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006) ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause."); *U.S. v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004) ("We have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place."); *U.S. v. Winters*, 221 F.3d 1039, 1042 (8th Cir. 2000) (holding that the smell of raw marijuana "created probable cause to search [a car]"); *U.S. v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995) ("If an officer smells marijuana in the passenger compartment of a vehicle, he has probable cause to search the passenger compartment.").

a drug dog to know the distinct smell of marijuana and to distinguish it from cigarette smoke. Thus, no plain error occurred.

(5) Fowler also argues that the Superior Court erred when it failed to, of its own accord, sever the trial so he could be tried separately from his codefendant—Leroy Taylor—because Taylor's defense strategy was hostile to Fowler's own. Taylor was driving the car when Fowler was arrested. During the trial, the judge raised the possibility of severance but neither party expressed an interest in it. Fowler failed to take the Superior Court up on what was in essence an offer to sever the trial. It thus comes with little grace to accuse the Superior Court of plain error when Fowler effectively waived any right to severance. Regardless, if this Court reviews for plain error,[6] the outcome is the same. Although Fowler and codefendant Taylor had defenses that were at least partially at odds, those tensions did not rise to the level of mutually exclusive defenses that this Court has found require severance in the past.[7] Here, the jury could have

---

[6] *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986); Supr. Ct. R. 8.

[7] *Compare Bradley v. State*, 559 A.2d 1234, 1241–42 (Del. 1989) (finding an abuse of discretion where the Superior Court did not sever a trial where the codefendants repeatedly attempted to directly incriminate each other both by direct testimony and calling witnesses who claimed that one defendant or the other had confessed the crime to the witness), *with Outten v. State*, 650 A.2d 1291, 1298 (Del. 1994) (upholding Superior Court's decision not to sever when neither codefendant took the stand, their defenses were not mutually exclusive, and neither codefendant presented evidence directly implicating the other).

4

found one, both, or neither of Fowler and Taylor guilty,[8] and so the Superior Court did not commit plain error by failing to unilaterally sever the trial.

(6)    Fowler also argues, for the first time, that the Superior Court erred when it failed to suppress expert testimony from Corporal Silvers—a member of the Wilmington police force.  Corporal Silvers testified at trial that the evidence found by searching the car Fowler was riding in, including the drug packaging and text messages, suggested an intent to deliver drugs, as opposed simply to an intent on Fowler's part to use the drugs personally.[9]  This Court reviews for plain error. In his argument, Fowler takes the testimony in question out of context and tries to apply New Jersey cases that do not fit with this state's precedents.  This Court has previously held that establishing an intent to deliver drugs requires "something else" beyond proving possession, quantity, or packaging.[10]  That "something else" can be credible evidence such as a defendant's admission or expert testimony.[11] Here, Corporal Silvers's testimony played that role.  Fowler's reliance on New Jersey law is not persuasive because New Jersey has a more restrictive use for experts in this context.  Under Delaware law, Corporal Silvers was qualified by

---

[8] *See* 650 A.2d 1291 at 1298 (observing that no severance necessary because the jury "easily" could have found one, both, or neither codefendant guilty).
[9] Appellant's App. Opening Br. at A-49–A-50.
[10] *Hardin v. State*, 844 A.2d 982, 988 (Del. 2004) (quoting *Cline v. State*, 720 A.2d 891, 892 (Del. 1998)).
[11] *Id*. (collecting cases).

5

experience and training to give reliable and relevant testimony, which are the critical factors under our law.[12] Because our law provides a role for testimony like what is at issue here, and Fowler failed to make an argument in the context of Delaware's decisions about expert testimony, this Court affirms the Superior Court on this point as well.

(7) Finally, Fowler argues that the Superior Court erred in failing to instruct the jury that a possession presumption, repudiated by this Court in 2009[13] and which was not specifically raised at trial, does not apply in this case. Before 2009, this Court recognized a presumption that the custodian of a vehicle was presumed to have dominion and control over contraband found in a vehicle. In *Lecates*, this Court adopted a three-part constructive possession test instead that is still used today. Because this argument was not made before the Superior Court, this Court reviews for plain error. Fowler argues that our decision overturning the presumption that the custodian of a vehicle had dominion and control over contraband found in the vehicle also required an affirmative instruction that the custodian did not presumptively have dominion and control. Our decision in *Lecates*, though, does not require such an instruction—it only requires the

---

[12] *See M.G. Bancorporation v. Le Beau*, 737 A.2d 513, 521 (Del. 1999) (stating expert testimony must be "not only relevant, but reliable" (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594–95 (1993))).

[13] *Lecates v. State*, 987 A.2d 413 (Del. 2009).

application of a three-part constructive possession test,[14] which the Superior Court's jury instructions properly demanded of the jury.[15]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[14] *Id*. at 426.

[15] Appellant's App. Opening Br. at A-55(a).