IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KARL C. MANUEL, | § | |
| | § | No. 280, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1605013801 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 12, 2018
Decided: May 8, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This is the appellant's direct appeal from his conviction and sentencing in the Superior Court. Having considered the no-merit brief and motion to withdraw submitted by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) Wilmington Police Detective Matthew Rosaio conducted a pat-down search of the appellant, Karl C. Manuel, on May 19, 2016. Detective Rosaio seized a handgun from Manuel's pants pocket. Manuel did not have a license to carry a concealed deadly weapon.

(2) Detective Rosaio placed Manuel under arrest. In the affidavit incident to the arrest warrant, Detective Rosaio stated, in part:

During the patdown, this officer immediately felt a hard object in what I know through training and experience to be consistent with a handgun in [Manuel's] left pant cargo pocket. This officer asked MANUEL what the object was, to which MANUEL dropped his head and stated, "…a gun." MANUEL was taken into custody without incident and this officer removed the following from his left cargo pocket: A black and purple in color LC9, .380 cal semi-automatic handgun (Serial: 329-10965). This officer immediately made the weapon safe and found that it was loaded with 6 live rounds of hornaday .380 cal ammunition (Chamber was empty).

(3) Following his arrest, Manuel was indicted in September 2016 for drug, traffic, and three weapon offenses: Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), and Carrying a Concealed Deadly Weapon ("CCDW"). Manuel waived his right to a jury trial and was tried before a Superior Court judge on January 18, 2017.

(4) The parties stipulated at trial that Manuel was a person prohibited from possessing a firearm.[1] During the State's case-in-chief, Detective Rosaio testified that the firearm seized from Manuel was a "Ruger LC9 semiautomatic handgun."[2] On cross-examination, Manuel's counsel asked the Detective, "[T]urning to your affidavit, is it fair to describe the handgun in this case as an LC .380 semiautomatic?"[3] Detective Rosaio answered, "Ruger LC9, 380-caliber, yes."[4]

---

[1] Trial Tr. at 6, 17 (Jan. 18, 2017).
[2] *Id.* at 13.
[3] *Id.* at 17.
[4] *Id.*

2

(5) At the close of the State's evidence, Manuel's counsel moved for a judgment of acquittal, arguing that the evidence adduced at trial—namely, Detective Rosaio's testimony that Manuel was found in possession of a loaded and concealed Ruger LC9 semiautomatic 380-caliber handgun—did not prove the allegations in the indictment that Manuel was found in possession of a loaded and concealed "Ruger .9mm" firearm. The trial judge denied the motion for judgment of acquittal and ultimately found Manuel guilty of the weapon offenses and a traffic offense.

(6) On appeal, Manuel's trial counsel has filed a no-merit brief under Rule 26(c) and a corresponding motion to withdraw. Manuel has supplemented the brief with a written submission, challenging the denial of the motion for judgment of acquittal and alleging reversible error in the "fatal variance" between the indictment and the evidence adduced at trial. The State has responded to Manuel's submission and the position taken by his trial counsel and has moved to affirm the Superior Court's judgment.

(7) In an appeal from the denial of a motion for judgment of acquittal, we decide *de novo* "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime."[5]

---

[5] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998).

(8) The elements of a crime are defined by statute as "those physical acts, attendant circumstances, results and states of mind which are specifically included within the definition of the offense[.]"[6] The statutory elements of PFBPP and PABPP are the knowing "purchasing, owning, possessing or controlling [of] a deadly weapon or ammunition for a firearm" by a person prohibited.[7] The elements of CCDW are carrying a concealed deadly weapon without a license.[8]

(9) Manuel stipulated that he was a person prohibited from possessing a firearm. Therefore, the outcome of the PFBPP and PABPP charges turned on whether the State could prove beyond a reasonable doubt that he knowingly possessed a firearm and ammunition on May 19, 2016.[9] The outcome of the CCDW charge turned on whether the State could prove beyond a reasonable doubt that Manuel concealed a firearm "upon or about [his] person without a license to do so."[10] This was not a close case. There is ample evidence in the record supporting Manuel's convictions for the charged weapon offenses. Manuel's claim to the contrary is without merit.

---

[6] 11 *Del. C.* § 232.
[7] *Id.* § 1448 (a), (b).
[8] *Id.* § 1442.
[9] Under 11 *Del. C.* § 231(c), if an element of an offense involves the nature of a person's conduct or the attendant circumstances, a person acts knowingly with respect to that element if the person is aware that the conduct is of that nature or that such circumstances exist.
[10] *Id.* § 1442.

4

(10) Manuel alleges error in a so-called "fatal variance" between the indictment's allegations that the firearm was a Ruger .9mm and Detective Rosaio's trial testimony that the firearm was a Ruger LC9 semiautomatic handgun 380-caliber. The claim of error is also without merit.

(11) A variance between the crime charged in an indictment and the evidence adduced at trial is fatal only if it is prejudicial.[11] A prejudicial variance is one that undermines the defendant's right to be informed of the charges against him "so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and [] that he may be protected against another prosecution for the same offense."[12]

(12) Manuel has not demonstrated any prejudicial effect from the variance between the indictment and the evidence adduced at trial. The firearm's caliber was not an element of any of the offenses charged in the indictment.[13] Moreover, the indictment gave Manuel sufficient notice of the charges against him, allowed him to

---

[11] *Berger v. United States*, 295 U.S. 78, 81–4 (1935).

[12] *Id.* at 82; *Dean v. State*, 125 A. 478, 481 (Del. 1924); *Guinn v. State*, 1987 WL 36125 (Del. June 2, 1987).

[13] *O'Neil v. State*, 691 A.2d 50, 55 (Del. 1997) (holding that amendment of indictment changing weapon's caliber was not prejudicial because the caliber of the weapon was not an essential element of the offenses charged and the change did not preclude defendant from pursuing his defense strategy).

adequately prepare his defense, and sufficiently protected him from a second prosecution for the same offenses.[14]

(13)   When considering a Rule 26(c) brief and an accompanying motion to withdraw, we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[15]  Also, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[16]

(14)   In this case, we have reviewed the record and concluded that Manuel's appeal is "wholly without merit."[17]  We are satisfied that Manuel's trial counsel made a conscientious effort to examine the record and the law and properly determined that Manuel could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of convictions is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[14] *Id.*
[15] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[16] *Penson v. Ohio*, 488 U.S. at 82.
[17] Del. Supr. Ct. R. 26(c).