IN THE SUPREME COURT OF THE STATE OF DELAWARE

IGNACIO REYES-HERNANDEZ, §
§ No. 329, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1801012486 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: October 9, 2018
Decided: January 3, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 3rd day of January 2019, upon consideration of the brief under Supreme Court Rule 26(c), appellate counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1)     The appellant, Ignacio Reyes-Hernandez, was tried and convicted in June 2018 on charges of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[1]  At the start of trial, the parties stipulated that Reyes-Hernandez was a person prohibited from possessing a firearm or ammunition.  At the end of trial, Reyes-Hernandez' counsel moved for a

---

[1] *See* 11 *Del. C.* § 1448 (Supp. 2018) (codifying possession of a deadly weapon and possession of ammunition by a person prohibited).

judgment of acquittal notwithstanding the verdict. The Superior Court denied the motion and sentenced Reyes-Hernandez to five years of Level V imprisonment for PFBPP and to one day of Level V imprisonment for PABPP. This is Reyes-Hernandez' direct appeal.

(2)     Reyes-Hernandez' appellate counsel has filed a brief and motion to withdraw under Rule 26(c). Appellate counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Reyes-Hernandez has supplemented the Rule 26(c) brief with claims he would like us to consider on appeal. The State has responded to the position taken by appellate counsel, the claims raised by Reyes-Hernandez, and has moved to affirm the Superior Court's judgment.

(3)     When considering a Rule 26(c) brief and motion to withdraw, our standard and scope of review is twofold.[2] First, we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[3]    Second, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4] In this case, having

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 83.
[4] *Id.*

2

reviewed the record, we are satisfied that appellate counsel made a conscientious effort to examine the record and the law and properly determined that Reyes-Hernandez could not raise a meritorious claim on direct appeal.

(4)     The record reflects that on June 1, 2017, Wilmington Police Detective Matthew Rosaio and Officer Joseph Scioli went to a residence in Wilmington to investigate a firearm complaint concerning Reyes-Hernandez.  Reyes-Hernandez lived at the residence with his parents and other family members but was not at home when Detective Rosaio and Officer Scioli arrived and conducted a search of the house and detached garage.

(5)     Detective Rosaio testified that, in a basement bedroom, he and Officer Scioli found U.S. mail addressed to Reyes-Hernandez and an identification card with Reyes-Hernandez' name and photograph.  They also noted a black Calvin Klein suitcase in the bedroom and a blue and white bandana on the floor.  Officer Scioli testified that when searching the garage, he and Detective Rosaio found a black Calvin Klein suitcase with a blue and white bandana tied around the handle.  Officer Scioli testified that he seized a Taurus .357 Magnum revolver loaded with five rounds of ammunition from the front pocket of the suitcase in the garage.  According to Detective Rosaio, when Reyes-Hernandez was arrested the following day, "he had a blue-and-

3

white bandana hanging out from his back pocket, very similar to the one that was found on the luggage that contained the firearm."[5]

(6) The gun and ammunition were submitted for DNA testing. Forensic DNA Analyst Lauren Rothwell testified that she examined swab samples taken from the gun and a buccal swab taken from Reyes-Hernandez. Ms. Rothwell testified that swabs taken from the gun's grip contained a single source DNA profile that was consistent with the DNA profile derived from Reyes-Hernandez' buccal swab. She also testified that the probability that the DNA taken from the gun originated from any other source than Reyes-Hernandez was one in seven trillion.

(7) Reyes-Hernandez has raised two claims on appeal. First, he claims that the evidence should have been suppressed because Detective Rosaio and Officer Scioli were without reasonable suspicion to search his residence. Second, he claims that the State did not prove beyond a reasonable doubt that he was in possession of the gun and the ammunition.

(8) We decline to consider Reyes-Hernandez' suppression claim in this appeal. Because the claim was not raised at trial—in a motion to suppress or otherwise—the claim was not considered by the Superior Court in the first instance. In

---

[5] Trial Tr. at 53 (June 7, 2018).

4

the absence of a Superior Court ruling on the suppression claim, there is not an adequate record upon which to review the claim on appeal. [6]

(9) We have reviewed Reyes-Hernandez' insufficient evidence claim and determined it is without merit. When reviewing a claim of insufficient evidence, we consider "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime."[7] In this case, the direct and circumstantial evidence, viewed in the light most favorable to the State, supported the jury's findings that there was proof beyond a reasonable doubt that Reyes-Hernandez, a person prohibited from possessing a firearm and ammunition, knowingly was in actual or constructive possession of the gun and ammunition seized on June 1, 2017.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of convictions is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[6] Del. Sup. Ct. R. 8; *Rollins v. State,* 2008 WL 637782, at \*1 (Del. Mar. 10, 2018) ("In this case, in the absence of a defense motion to suppress and a pretrial suppression hearing, there is not an adequate record upon which to conduct appellate review of Rollins' claim that the search warrant contained 'knowingly false' information."); *Keichline v. State*, 1991 WL 181508, at \*6 (Del. Aug. 22, 1991) (declining to review a claim on appeal "in the absence of an appropriate record").

[7] *Carroll v. State*, 2017 WL 1223564, at \*2 (Del. Mar. 27, 2017) (citing *Cline v. State*, 720 A.2d 891, 892 (Del. 1998)).

[8] *Triplett v. State*, 2014 WL 1888414 (Del. May 9, 2014) (citing *Lecates v. State*, 987 A.2d 413, 418 (Del. 2009)).

5