Keenan DAVIS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 121, 1997.

Supreme Court of Delaware.

Submitted: Jan. 21, 1998.
Decided: March 3, 1998.

**524**

Dade D. Werb, Assistant Public Defender, Wilmington, for Appellant.

Sam Glasscock, III, Deputy Attorney General, Department of Justice, Georgetown, for Appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

PER CURIAM:

Keenan Davis appeals from convictions of delivery of a narcotic and distribution of a controlled substance within one thousand feet of a school. Davis contends the State failed to provide sufficient evidence to prove every element of the crime of distribution of a controlled substance within one thousand feet of a school.[1] Davis also contends the jury rendered a legally inconsistent verdict when it convicted Davis of delivery of a narcotic, but acquitted him on the charge of possession of a narcotic.

### Facts

In August of 1996, two undercover police officers approached Davis near the corner of Fifth and Jefferson Streets in Wilmington and asked if Davis had any crack for sale. Davis replied that he did and showed the officers a torn piece of brown paper containing four pieces of crack cocaine. Since no surveillance was in place, the officers left the area and returned moments later. The officers purchased one of the four pieces of crack cocaine from Davis near the corner of Fifth and Washington Streets. Shortly after the officers left the area, Davis was arrested. When the police arrested Davis, a torn brown paper wrapper containing three pieces of crack cocaine was found at his feet. Davis was charged with: (1) delivery of a narcotic, (2) possession with intent to deliver a narcotic, and (3) distribution of a narcotic within one thousand feet of a school.

During the trial, Sergeant Vietri, one of the officers conducting surveillance, testified that the sale of drugs occurred approximately five hundred feet from St. Peter's School. Sergeant Vietri based this estimate on the following facts: (1) St. Peter's School is located in the three hundred block of West Sixth Street, (2) the drug sale occurred a block and a half from St. Peter's, and (3) a city block is approximately three hundred feet long. Vietri recalled that a chart located at the police department stated that an average city block is three hundred feet long. Sergeant Vietri did not conduct an actual measurement of the distance or testify as to what type of school St. Peter's was.

The State introduced into evidence a "mug shot" of Davis listing his date of birth as "052558." Davis, who was thirty-eight years old at the time of the trial, also appeared before the jury in person. No witness for the State ever testified to Davis' age or to the accuracy of Davis' date of birth on the photograph.

At the conclusion of the State's case-in-chief, Davis moved for a judgment of acquittal on the charge of distribution of a narcotic within one thousand feet of a school. Davis claimed the State failed to introduce sufficient evidence showing that: (1) Davis was eighteen or older, (2) St. Peter's was a school within the meaning of the statute, and (3) the drug transaction occurred within one thousand feet of St. Peter's. This motion was denied.

At the conclusion of the trial, Davis was found guilty of delivery of a narcotic and distribution of a narcotic within one thousand feet of a school. Davis was acquitted of possession of a narcotic with intent to deliver. Davis now appeals to this Court on the grounds that (1) the Superior Court erred in

---

1. 16 *Del.C.* § 4767.

failing to grant a judgment of acquittal, and (2) the jury rendered a legally inconsistent verdict by convicting Davis of delivery without convicting him of possession.

### Insufficiency of Evidence

On appeal from the denial of a motion for judgment of acquittal, this Court makes a de novo determination of whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt.[2] Evidence of a defendant's guilt may be proven exclusively through circumstantial evidence since this Court does not distinguish between direct and circumstantial evidence in a conviction context.[3]

The statute, 16 *Del.C.* § 4767(a), states in part, "[a]ny person eighteen years of age or older who distributes, delivers or possesses a controlled substance . . . which is a narcotic drug on the property of any kindergarten, elementary, secondary, vocational-technical school or within 1000 feet thereof is guilty of a felony. . . ." The jury was shown a "mug shot" of Davis displaying "DOB 052558." Additionally, Davis was thirty-eight years old at the time of the trial and appeared personally before the jury. A reasonable trier of fact could have determined that Davis was over eighteen at the time of his arrest based on his 1958 birthday and his physical appearance.

The statute defines a school as "any kindergarten, elementary, secondary [or] vocational-technical school. . . ." The statute's definition of "school" is broad, including many common educational institutions. Sergeant Vietri testified that "Saint Peter's *School* is in the 300 block of West 6th Street. . . ." A reasonable trier of fact could have determined that St. Peter's was a "school" within the meaning of the statute based on Sergeant Vietri's testimony.

Sergeant Vietri testified that the drug transaction occurred approximately five hundred feet from St. Peter's School. Vietri based this opinion on the fact that St. Peter's is located a block and a half away from the drug transaction and that an average city block is three hundred feet long. The jury could properly assume that Sergeant Vietri, an experienced police officer, was capable of estimating distance. Although Vietri's testimony was not as accurate as a physical measurement, a reasonable trier of fact could have inferred the drug transaction occurred within one thousand feet of St. Peter's based solely on Vietri's estimation.

### Legally Inconsistent Jury Verdict

Davis was convicted of delivery of a narcotic and distribution of a narcotic within one thousand feet of a school, but acquitted of possession with intent to deliver. In analyzing an arguably inconsistent jury verdict, this Court follows two alternative approaches. The first approach is to determine if the jury verdict is inconsistent as a matter of law by examining the elements of each crime to determine if they are identical. If these elements are identical, the different verdicts may be legally inconsistent.[4] The second approach is to determine if the arguably inconsistent verdict could have been the result of jury lenity, in which case the verdict will remain undisturbed.[5]

The two charges that are arguably inconsistent are "delivery" of a narcotic and "possession" of a narcotic with intent to deliver. The statute defines delivery as "the actual, constructive or attempted transfer from one person to another of a controlled substance. . . ."[6] The statute defines possession as "in addition to its ordinary meaning, includes location in or about the defendant's person . . . or otherwise within the defen-

2. *McNulty v. State*, Del.Supr., 655 A.2d 1214, 1216 n. 8 (1995) (citing *Monroe v. State*, Del. Supr., 652 A.2d 560, 563 (1995)).

3. *Hoey v. State*, Del.Supr., 689 A.2d 1177, 1181 (1997) (citing *Skinner v. State*, Del.Supr., 575 A.2d 1108, 1121 (1990)).

4. *Alston v. State*, Del.Supr., 410 A.2d 1019, 1020 (1980).

5. *Tilden v. State*, Del.Supr., 513 A.2d 1302, 1307 (1986).

6. 16 *Del.C.* § 4701(8).

dant's reasonable control."[7] These crimes do not consist of identical elements, and a jury verdict convicting a defendant of delivery without possession is not inconsistent as a matter of law.

The verdict is also sustainable on a separate rationale. The crime of delivery may have been based upon the one piece of crack cocaine delivered to the police and the crime of possession was based upon the three pieces of crack cocaine found near Davis' feet. The jury could have determined that Davis "delivered" the one piece of crack cocaine to the police officers but did not "possess" the three pieces of crack cocaine located near Davis' feet at the time of arrest.

 Moreover, if the apparent inconsistency of a jury's verdict can be explained by jury lenity, the conviction will be sustained.[8] Even if a defendant is convicted of a compound offense predicated upon a lesser offense, of which the defendant is acquitted, the verdict will stand so long as there was sufficient evidence in the record to support a conviction of the lesser offense.[9] This theory is based upon the assumption that the jury, convinced of defendant's guilt, properly reached a verdict on the compound offense, and then, through mistake, compromise or lenity, acquitted on the lesser offense.[10] In this situation, the "arguably inconsistent" verdict is sustained because the State would be unable to remedy an inconsistent verdict of this nature without violating the U.S. Constitution's Double Jeopardy Clause.[11]

The State has offered evidence that Davis presented the police officers a brown paper bag containing four pieces of crack cocaine. After Davis sold one piece to the officers, a brown bag with three pieces of crack cocaine was found near his feet. It is entirely possible the jury felt Davis was guilty of delivery *and* possession, but acquitted him of possession out of lenity.

Although the State could have offered additional evidence to prove Davis was guilty of delivery of a narcotic within one thousand feet of a school, the evidence offered was sufficient to support a prima facie case. Since the jury's verdict was not inconsistent as a matter of law and may have been the result of jury lenity, the jury's verdict is sustained.

### Conclusion

The judgment of the Superior Court is Affirmed.

7. 16 *Del.C.* § 4701(28).

8. *Id.* at 1306 (citing *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)).

9. *Id.* at 1306–07.

10. *Id.* at 1306 (citing *Powell*, 469 U.S. at 65–66, 105 S.Ct. at 477).

