APALONIO A. PATTEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 264, 2009.
Supreme Court of Delaware.
Submitted: November 18, 2009.
Decided: February 3, 2010.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 3rd day of February 2010, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In February 2009, a Superior Court jury found the defendant-appellant, Apalonio Patten (Patten), guilty of first degree robbery, theft greater than $1000, and second degree conspiracy. The Superior Court sentenced Patten to a total mandatory period of five years at Level V incarceration to be followed by two years of probation. This is Patten's direct appeal.
(2) Patten's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Patten's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Patten's attorney informed him of the provisions of Rule 26(c) and provided Patten with a copy of the motion to withdraw and the accompanying brief. Patten also was informed of his right to supplement his attorney's presentation. Patten raises three issues for this Court's consideration. The State has responded Patten's issues, as well as to the position taken by Patten's counsel, and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) The testimony at trial fairly supports the following version of events: Patten was a student employee of the Delaware State University bookstore. On December 13, 2008, during a book buyback week when there was $36,000 in cash in the safe inside the office of the bookstore's accountant, two men wearing hooded sweatshirts robbed the bookstore shortly after 8 a.m. A food service worker saw the two men in hooded sweatshirts run from the bookstore and leave in a red/maroon car
(5) Patten, who was scheduled to work at the bookstore at 9 a.m. that morning, failed to report to work. The bookstore manager reviewed a surveillance videotape of the robbery and thought she recognized Patten and the hooded sweatshirt that he was wearing. When college police interviewed him, Patten acknowledged that he had been driving his girlfriend's red/maroon car on the morning of the robbery. Patten's alibi, however, was that he had been taking an exam in a music class at the time of the robbery. Patten's music teacher contradicted this alibi, stating that the exam in the class had actually been given the day before, on December 12. Moreover, the teacher indicated that Patten's alleged class notes for December 13 were actually notes from a class that had occurred much earlier in the semester.
(6) A childhood friend of Patten's, Marion Lott, gave a videotaped statement to police relating that Patten had confessed to him that he had committed the bookstore robbery with James Durham and William Peterson, and that the men had used Patten's girlfriend's car as the getaway vehicle. At trial, Lott attempted to disavow this statement. The prosecution was permitted to show Lott's prior out-of-court videotaped statement to the jury. The jury convicted Patten of robbery, theft, and conspiracy, but acquitted him of wearing a disguise during the commission of a felony. This appeal followed.
(7) In his response to his counsel's motion to withdraw, Patten raises three issues for the Court's consideration. First, he contends that the evidence was insufficient to support his convictions. Second, he contends that the jury rendered an inconsistent verdict. Finally, he argues that the State withheld exculpatory evidence.
(8) When a defendant raises a sufficiency of the evidence claim on appeal, the relevant question for this Court is whether "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] In this case, we find the State's evidence sufficient to support Patten's convictions beyond a reasonable doubt. Although Patten argues that some of the witnesses were not credible and that there were conflicts in the testimony, giving rise to reasonable doubt,[3] the jury is solely responsible for judging the credibility of the witnesses and resolving conflicts in the evidence.[4] It was entirely within the jury's purview to credit some testimony and to discount other testimony.
(9) Similarly, Patten's argument that the jury rendered an inconsistent verdict provides no basis for relief. The jury's acquittal of Patten on the charge of wearing a disguise during the commission of a felony while convicting him robbery, theft and conspiracy does not render the jury verdict inconsistent because the elements of each crime are not identical.[5] There is nothing legally inconsistent in the jury's finding that Patten committed robbery and theft but acquitting him of wearing a disguise while doing so.
(10) Finally, Patten argues that the State committed a Brady[6] violation by failing to disclose exculpatory evidence in the form of prior out-of-court statements made by Judy DeLeon and Kitrel Deloach to the police. Patten provides no information, however, about the contents of the alleged statements nor does he explain how the statements could have exculpated him. Under the circumstances, there simply is no basis to find a Brady violation.
(11) This Court has reviewed the record carefully and has concluded that Patten's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Patten's counsel has made a conscientious effort to examine the record and the law and has properly determined that Patten could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Williams v. State, 539 A.2d 164, 168 (Del. 1988) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
[3] Patten also suggests that his counsel was ineffective for failing to request a jury instruction regarding its consideration of Lott's out-of-court statement. This Court, however, will not consider ineffectiveness claims for the first time on direct appeal. Desmond v. State, 654 A.2d 821, 829 (Del. 1994).
[4] Tyre v. State, 412 A.2d 326, 330 (Del. 1980).
[5] See Davis v. State, 706 A.2d 523, 525-26 (Del. 1998).
[6] Brady v. Maryland, 373 U.S. 83 (1963).