IN THE SUPREME COURT OF THE STATE OF DELAWARE

| CLIFFORD LUM, | § | |
|---|---|---|
| | § | No. 85, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 17, 2014
Decided: September 19, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Scott D. Goodwin, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

**STRINE**, Chief Justice:

In this appeal, appellant Clifford Lum argues that his convictions for the offenses of possession of ammunition and possession of a deadly weapon by a person prohibited should be vacated because the Superior Court erroneously denied his motion for a judgment of acquittal. Although Lum concedes that he was not entitled to possess the ammunition and brass knuckles seized from the automobile he was driving, Lum argues that the State did not present sufficient evidence in its case-in-chief for the Superior Court, sitting as the trier of fact, to conclude that he knowingly possessed those items.

We review an appeal from the denial of a motion for judgment of acquittal *de novo* to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime.[1] We do not distinguish between direct and circumstantial evidence in making our determination.[2]

In this case, the record evidence presented by the State in its case-in-chief was sufficient to support a finding beyond a reasonable doubt that Lum knowingly possessed the prohibited items. Possession in this sense can be actual or constructive: actual possession requires "direct physical control" that "amounts to a conscious dominion, control and authority."[3] Constructive possession requires the State to show that the

---

[1] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998) (citing *Davis v. State*, 706 A.2d 523, 524 (Del. 1998); *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995)).

[2] *Id.* (citing *Davis*, 706 A.2d at 524; *Hoey v. State*, 689 A.2d 1177, 1181 (Del. 1997); *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

[3] *Lecates v. State*, 987 A.2d 413, 425 (Del. 2009) (quoting *Thomas v. State*, 2005 WL 3031636, at *2 (Del. Nov. 10, 2005)).

defendant "knew the location" of the objects, "had the ability to exercise dominion and control," and "intended to exercise dominion and control" over them.[4]

We held in *Lecates v. State* that "it is nonsensical to 'presume' . . . that an automobile's custodian has actual possession over all contraband found *anywhere* in the automobile."[5] Nevertheless, we upheld the defendant's conviction in that case because the evidence was sufficient to support constructive possession. Likewise, here, the State put on evidence more than sufficient for the Superior Court to conclude that Lum constructively possessed the prohibited items. Lum had been in possession and control of the vehicle for a long period of time, his personal property was strewn throughout the vehicle, and items belonging to him were kept in the same parts of the vehicle in which the contraband was found. Furthermore, the ammunition and brass knuckles were both within reach of the driver's seat that Lum occupied at the time of the stop that led to the discovery of the items. The circumstantial evidence was therefore sufficient to satisfy the State's burden of proof that Lum knowingly possessed the prohibited items.

Alternatively, Lum asserts in his reply brief that his conviction should be reversed because the Superior Court failed to rule on his motion immediately at the end of the State's case-in-chief.[6] Although Lum makes this argument in his opening brief, he does

---

[4] *State v. Clayton*, 988 A.2d 935, 936 (Del. 2010).
[5] *Lecates*, 987 A.2d at 426.
[6] *See* Super. Ct. Crim. R. 29(a) ("The court on motion of a defendant . . . *shall* order the entry of judgment of acquittal of one or more offenses charged in the indictment or information *after the evidence on either side is closed* if the evidence is insufficient to sustain a conviction of such offense or offenses.") (emphasis added). Rule 29(b) allows the court to reserve decision on a motion for judgment of acquittal, but only if the motion "is made at the close of all the

2

it as a mere aside in a footnote and did not fairly present the argument. Supreme Court Rule 14(b)(vi)(A)(3) states that "[t]he merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."[7] "Arguments in footnotes do not constitute raising an issue in the 'body' of the opening brief."[8] The Court's rules governing what is expected in briefs are not mere technicalities; they help to ensure fairness by giving the other party a fair opportunity to respond to a fully formed argument, prevent litigants from circumventing page length restrictions, and maximize scarce judicial resources.[9] As a result, Lum's argument regarding the Superior Court's failure to rule on his motion at the end of the state's case-in-chief is waived.

Even more important, Lum did not object when the Superior Court decided to defer ruling on his motion until the evidence in the entire case was closed. Thus, even if

---

evidence." Here, Lum made his motion after the prosecution rested its case, not at the close of all the evidence, so the exception in Rule 29(b) did not apply.

[7] Supr. Ct. R. 14(b)(vi)(A)(3).

[8] *Americas Mining Corp. v. Theriault Eyeglasses*, 51 A.3d 1213, 1264 (Del. 2012); *see* Supr. Ct. R. 14(d) ("Footnotes shall not be used for argument ordinarily included in the body of a brief."); *see also Tumlinson v. Advanced Micro Devices, Inc.*, 2013 WL 4399144, at *3 (Del. Aug. 16, 2013); *Roca v. E.I. du Pont de Nemours & Co. Eyeglasses*, 842 A.2d 1238, 1242 (Del. 2004) ("This Court has held that the appealing party's opening brief must fully state the grounds for appeal, as well as the arguments and supporting authorities on each issue or claim of reversible error. Casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue for appeal and *a fortiori* no specific mention of a legal issue is insufficient. The failure of a party appellant to present and argue a legal issue in the text of an opening brief constitutes a waiver of that claim on appeal.") (internal citations omitted); *Murphy v. State*, 632 A.2d 1150, 1152 n.2 (Del. 1993) ("The rules of this Court provide that footnotes shall not be used for argument and, *a fortiori*, should not be used to raise claims of error.").

[9] *See generally* 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3974, at 421 (1977 & Supp. 1993, at 690) (describing the analogous provisions of the Federal Rules of Appellate Procedure, which parallel our own Supreme Court Rules in mandating that appellants articulate their contentions and the reasons for them in the body of the brief).

Lum were to have fairly raised the issue, he must convince us that the Superior Court committed plain error that resulted in prejudice to him. Plain error "must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10] The error must be "apparent on the face of the record, . . . basic, serious and fundamental in [its] character, and . . . clearly deprive an accused of a substantial right, or . . . clearly show manifest injustice."[11] For example, plain error has been found when the prosecution impermissibly commented on the defendant's decision not to testify in violation of his Fifth Amendment rights against self-incrimination.[12] No such fundamental issue was implicated here by the delay in the Superior Court's consideration of the Motion for Judgment of Acquittal. Because the evidence presented in the State's case-in-chief was clearly sufficient to sustain his conviction without reference to the additional evidence of Lum's knowledge that came in during his own case (*e.g.*, Lum's admission that he knew the brass knuckles were in the vehicle), the Superior Court's failure to rule on the motion at the end of the State's case-in-chief and before the defense case commenced was harmless.

Accordingly, the judgment of the Superior Court is AFFIRMED.

---

[10] *Robertson v. State*, 596 A.2d 1345, 1356 (Del. 1991) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986), *cert. denied*, 479 U.S. 869 (1986)); *see also Dutton v. State*, 452 A.2d 127, 146 (Del. 1982).

[11] *Id*.

[12] *Robertson*, 596 A.2d at 1357 ("Prosecutorial comments on a defendant's silence impinge on Fifth Amendment rights not to be compelled to be a witness against one's self when they are negative and uninvited and impermissibly create an inference of guilt.").

4