# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| **STATE OF DELAWARE** | ) |
| | ) |
| **v.** | ) Cr. ID No.  1309021876 |
| | ) |
| **TARRANCE DUNN,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

*Upon Defendant's Motion for Judgment of Acquittal*
**DENIED**

*Submitted:* September 15, 2014
*Decided:* September 24, 2014

**MEMORANDUM OPINION**

**Rocanelli, J.**

Tarrance P. Dunn ("Defendant") was charged by Grand Jury for two separate incidents and charged with two counts of Robbery First Degree. Defendant was represented by J. Edinger, Esquire. At Final Case Review, Defendant rejected the State's plea offer and the case was set for trial. Defendant waived his right to trial by jury and the case proceeded to a non-jury trial before this judicial officer on April 15 and 16, 2014. Defendant was found Guilty of Theft Under $1500 (LIO of Robbery First 13-12-0668) and Robbery First Degree (14-01-1562).

Although Defendant is represented by counsel, Defendant filed a Motion for Judgment of Acquittal as a self-represented litigant. The State has filed its response in opposition to Defendant's Motion. This is the Court's ruling on Defendant's Motion for Judgment of Acquittal.

A motion for judgment of acquittal is governed by Superior Court Criminal Procedural Rule 29 which provides that such motions should be presented at the close of the State's evidence or within seven (7) days after the fact-finder is discharged. As the State points out, Defendant's motion is untimely as it was filed nearly five months after Defendant was found Guilty. Accordingly, Defendant's motion is time-barred. Nevertheless, the Court will address Defendant's motion on the merits.

The standard of review for a motion for judgment of acquittal is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime.[1] The trier of fact does not distinguish between direct and circumstantial evidence in making its determination.[2]

Conflicting evidence was offered at trial. The State presented the testimony of both victims, as well as three police officers. Defendant testified as a witness, and also recalled one of the investigating police officers as a witness in Defendant's case. Additional evidence was also offered for the Court's consideration.

As fact-finder, the Court followed the direction that we regularly give to our juries when assessing the evidence and the credibility of witness testimony:

> I must judge the believability of each witness and determine the weight to be given to all trial testimony. I considered each witness's means of knowledge; strength of memory and opportunity for observation; the reasonableness or unreasonableness of the testimony; the motives actuating the witness; the fact, if it was a fact, the testimony was contradicted; any bias, prejudice or interest, manner of demeanor upon the witness stand; and all other facts and

---

[1] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998) (citing *Davis v. State*, 706 A.2d 523, 524 (Del. 1998); *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995)).

[2] *Id.* (citing *Davis*, 706 A.2d at 524; *Hoey v. State*, 689 A.2d 1177, 1181 (Del. 1997); *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

circumstances shown by the evidence which affect the believability of the testimony. After finding some testimony conflicting by reason of inconsistencies, I have reconciled the testimony, as reasonably as possible, so as to make one harmonious story of it all. To the extent I could not do this, I gave credit to that portion of testimony which, in my judgment, was most worthy of credit and disregarded any portion of the testimony which, in my judgment, was unworthy of credit.[3]

With respect to the alleged robbery on September 25, 2013, the Court heard the testimony of the victim and the police officers, and also watched a videotape of the scene on the DART bus where the crime took place. The Court found that the evidence established that the Defendant was guilty of the lesser-included offense of (Misdemeanor) Theft Under $1500, but did not establish guilt beyond a reasonable doubt of (Felony) Robbery First Degree.

With respect to the alleged robbery on September 29, 2013, the Court rejected the testimony offered by Defendant, which was inconsistent with other record evidence and also inconsistent with Defendant's own prior statements. The Court found that the record evidence established Defendant's guilt of Robbery First Degree beyond a reasonable doubt.

---

[3] *Dionisi v. DeCampli,* 1995 WL 398536, *1 (Del. Ch. June 28, 1995).

Therefore, the Court made findings of fact based on the entire record, including all direct and circumstantial evidence, and the references there from, and the Court found that the State met its burden of proving the elements of Theft Under $1500 (LIO of Robbery First 13-12-0668) with respect to Count One of the Indictment and Robbery First Degree (14-01-1562) with respect to Count Two of the Indictment. The Court found the State did not meet its burden of proving Defendant guilty of Robbery First Degree (13-12-0668) with respect to Count One of the Indictment.

Sentencing is scheduled for October 24, 2014.

**NOW, THEREFORE, THIS 24th day of September, 2014, Defendant's Motion for Judgment of Acquittal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**Honorable Andrea L. Rocanelli**