# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1402014360 |
| | ) | |
| DENNIS O. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted: November 19, 2014*
*Decided: January 27, 2015*

### Upon Defendant's Motion for Judgment of Acquittal
### DENIED

On October 22, 2014, Dennis O. Williams ("Defendant") was found guilty by a jury for Possession of Firearm by Person Prohibited (14-03-0558), and Possession of Ammunition by a Person Prohibited (14-03-1816). Defendant was acquitted of the charges of Possession of a Firearm During the Commission of a Felony (14-03-0559) and Reckless Endangering First Degree (14-03-0561). Defendant was represented by Michael W. Modica.

On October 27, 2014, Defendant filed a Motion for Judgment of Acquittal. The State has filed its response in opposition to the Defendant's Motion. This is the Court's ruling on Defendant's Motion for Judgment of Acquittal.

A motion for judgment of acquittal is governed by Superior Court Criminal Procedure Rule 29, which provides that such motions should be presented at the close of the State's evidence, or within seven (7) days after the jury is discharged. "The court on motion of a defendant or of its own motion *shall* order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."[1]

The standard of review for a motion for judgment of acquittal is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime.[2] The trier of fact does not distinguish between direct and circumstantial evidence in making its determination.[3] Therefore, "constructive possession may be proven exclusively through circumstantial evidence," as done in this case.[4] Here, the evidence presented in the State's case-in-chief was clearly sufficient to sustain Defendant's convictions.

In his Motion for Judgment of Acquittal, Defendant contends the State's case was based upon speculation. Defendant claims there were numerous people

---

[1] Super. Ct. Crim. R. 29 (emphasis added).
[2] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998) (citing *Davis v. State*, 706 A.2d 523, 524 (Del. 1998); *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995)).
[3] *Id.* (citing *Davis*, 706 A.2d at 524; *Hoey v. State*, 689 A.2d 1177, 1181 (Del. 1997); *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).
[4] *Hoey*, 689 A.2d at 1181; *Skinner*, 575 A.2d at 1121.

within the area he was located, and no one witnessed the Defendant possess the weapon or hide it. Defendant also argues there was no forensic evidence presented at trial linking the gun to him.

The Court finds that the State met its burden of proof by providing sufficient evidence for each element of Possession of Firearm by Person Prohibited and Possession of Ammunition by a Person Prohibited. The parties stipulated in a Joint Exhibit to the fact that Defendant was a person prohibited under Delaware law from possession or controlling a firearm or ammunition on or about the date alleged in the indictment. The State presented evidence at trial showing that, after a gunshot, Defendant was standing in the immediate vicinity of a loaded revolver and one spent shell casing. The State presented video evidence depicting Defendant bending down and then standing up again near the location where the gun was found. The State presented police testimony stating that Defendant was acting suspiciously before and after being taken into custody, for example, by trying to conceal a glove he had been wearing that night. Finally, the State provided evidence showing that Defendant's associate, Alpha Diallo, had gotten into an altercation with an unknown individual within the same area. The jury could have reasonably concluded that Defendant was illegally in possession of a firearm and ammunition.

Therefore, upon consideration of the entire record, including all direct and circumstantial evidence, and the references therefrom, the Court finds that the State met its burden of proving beyond a reasonable doubt the elements of Possession of Firearm by Person Prohibited with respect to Count One of the indictment and Possession of Ammunition by a Person Prohibited with respect to Count Three of the indictment.

**NOW, THEREFORE, this 27th day of January, 2015, Defendant's Motion for Judgment of Acquittal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**