IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ORLANDO INGRAM, | § | |
| | § | No. 460, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1209003136D |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 26, 2014
Decided: February 11, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 11th day of February 2015, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the appellee's response, it appears to the Court that:

(1)     On September 27, 2012, Dover police arrested the appellant, Orlando Ingram, in the living room of his sister's apartment in Dover, Delaware. The police had a warrant for Ingram's arrest because he was a suspect in the September 4 robbery of a Family Dollar store in Dover. Ingram put up a fight when the police entered the apartment to arrest him. After Ingram was subdued and taken into custody, Ingram's sister gave the police written consent to search the apartment.

1

During the search, the police discovered a loaded handgun under the living room couch.

(2) On December 3, 2012, Ingram was indicted on multiple offenses in connection with various robberies and attempted robberies in the Dover area in August and September 2012, including offenses arising from the September 4 robbery and Ingram's September 27 arrest. After a jury trial in November 2013, Ingram was convicted, as charged, of the September 4 robbery and September 27 arrest-related offenses, except for two counts of Possession of a Firearm by a Person Prohibited ("PFBPP"), which were severed before trial. By Order dated December 30, 2014, this Court affirmed Ingram's November 2013 convictions.[1]

(3) On May 5, 2014, Ingram went to trial on the two counts of PFBPP. One count, which was charged in connection with Ingram's September 27 arrest, was tried before a jury. The other count, which was charged in connection with the September 4 robbery, was tried before the trial judge but then *nolle prossed*.[2]

(4) After a two-day trial, the jury found Ingram guilty of PFBPP. On August 13, 2014, the Superior Court declared Ingram a habitual offender and

---

[1] *See Ingram v. State*, 2014 WL 7465977 (Del. Dec. 30, 2014) (affirming the Superior Court's judgment of convictions in *State v. Ingram*, Cr. ID No. 1209003136C)). The Court has taken judicial notice of the proceedings.

[2] *See* docket at 5, *State v. Ingram*, Cr. ID No. 1209003136E (May 7, 2014). The Court has taken judicial notice of the proceedings.

sentenced him to twenty-five years mandatory at Level V incarceration followed by one year at Level III probation. This is Ingram's direct appeal.

(5) On appeal, Ingram's defense counsel ("Counsel") has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Ingram, through Counsel, has submitted three points for the Court's consideration. The State of Delaware, has responded to Ingram's points and to the position taken by Counsel and has moved to affirm the Superior Court judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(7) In his first point on appeal, Ingram claims that his 2014 conviction and sentencing for PFBPP subjected him to double jeopardy because of his 2013

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson v. Ohio*, 488 U.S. at 81.

conviction and sentencing for Possession of a Firearm During the Commission of a Felony ("PFDCF").[5] Ingram's claim is without merit.

(8) Double Jeopardy prohibits successive prosecutions and cumulative punishments for greater-and-lesser-included-offenses that are based on the same conduct.[6] A lesser-included offense is one that does not require proof of elements beyond those required by the greater offense.[7]

(9) In this case, PFBPP was not a lesser-included offense of PFDCF, as Ingram contends. PFBPP required proof of an element not required by PFDCF, namely a prior conviction of a felony or violent crime involving physical injury to another.[8] Also, the two offenses were not based on the same conduct. Ingram was charged with PFDCF based on the factual allegation that he possessed a firearm when committing a robbery on September 4, 2012. Ingram was charged with PFBPP based on the factual allegation that, on September 27, 2012, he possessed a

---

[5] The Double Jeopardy Clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense. U.S. Const. amend. V; Del. Const. art. I, § 8. *See Evans v. State*, 445 A.2d 932, 933 (Del. 1982).

[6] *Blake v. State*, 65 A.3d 557, 561 (Del. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 169 (1977)).

[7] *Id.* (citing 11 *Del. C.* § 206).

[8] *Compare* 11 *Del. C.* § 1447A(a) (providing that "[a] person who is in possession of a firearm during the commission of a felony is guilty of possession of a firearm during the commission of a felony") *with* 11 *Del. C.* § 1448(a)(1) (providing that "[a]ny person having been convicted in this State or elsewhere of a felony or a crime of violence involving physical injury to another" is "prohibited from . . . possessing or controlling a deadly weapon or ammunition for a firearm within the State").

4

firearm and had been previously convicted of a felony or crime of violence involving physical injury to another.

(10) In his second point on appeal, Ingram contends that there was insufficient evidence for the jury to find him guilty of PFBPP. Ingram made the same claim in a motion for judgment of acquittal, which was denied at trial. When denying the motion, the Superior Court found that:

> The evidence that's been submitted by the State indicates that: Upon entry into a residence where Mr. Ingram was occupying, he was subdued by officers involved here. And there has been evidence to indicate that he made multiple attempts to reach for an item or object under a couch that's been later identified as a handgun.[9]

(11) This Court reviews the denial of a motion for judgment of acquittal *de novo* to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime.[10] When making our determination, we do not distinguish between direct and circumstantial evidence.[11]

(12) The record reflects that, midway through the first day of trial, Ingram stipulated that he was a person prohibited from possessing a firearm on September 27, 2012. As a result, the jury was required only to determine whether there was

---

[9] Trial Tr. at B-59 (May 6, 2014).

[10] *See, e.g.*, *Lum v. State*, 101 A.3d 970, 971 (Del. 2014) (citing cases).

[11] *Id.*

proof beyond a reasonable doubt that Ingram knowingly was in actual or constructive possession of the firearm on that date.[12]

(13) Having reviewed the trial court record, we conclude that the evidence was sufficient to support the jury's finding that Ingram was guilty of PFBPP. Two police officers testified that, when struggling with them in the living room of his sister's apartment on September 27, Ingram made repeated attempts to reach under the couch in an area where the police later discovered a loaded handgun.

(14) In his third point on appeal, Ingram contends that the evidence seized when he was arrested on September 27 should have been suppressed because his sister did not consent to the search of her apartment. Ingram concedes that he unsuccessfully raised the same claim during his 2013 trial and in his appeal from those convictions.

(15) As noted, Ingram did not prevail in his appeal from the 2013 convictions. Indeed the Court's Order affirming the convictions concluded that Ingram's challenge to the validity of his sister's consent to search was without merit.[13] Under these circumstances, having previously considered Ingram's direct

---

[12] The trial judge properly instructed the jury that actual possession required proof beyond a reasonable doubt that Ingram "knowingly had direct physical control over the firearm," and that constructive possession required proof beyond a reasonable doubt that Ingram "had both the power and the intention, at a given time, to exercise control over the firearm." *Accord Lum v. State*, 101 A.3d 970, 971 (Del. 2014).

[13] *Ingram v. State*, 2014 WL 7465977, at *3 (Del. Dec. 30, 2014).

challenge to the validity of his sister's consent and denied the claim as without merit, the Court concludes that the same claim raised in this appeal is moot.

(16) The Court concludes that Ingram's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Ingram could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

7