# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                        )
v.                     )     I.D. No. 1609009222
                        )
                        )
RELANDO MAXWELL,     )
                        )
Defendant.         )

Date Submitted: July 11, 2017
Date Decided: August 4, 2017

### *Upon Defendant's Motion for Judgment of Acquittal*
### DENIED

Upon consideration of Defendant's Motion for Judgment of Acquittal; the State's opposition to Defendant's Motion; Rule 29 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities presented; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.     Defendant Relando Maxwell was indicted on charges of Assault Second Degree, PDWDCF (2 counts), CCDW, PDWBPP, Aggravated Menacing, and Conspiracy Second Degree.

2.     Defendant was represented by counsel.

3.     Defendant rejected a plea to the lead charges of Assault Second Degree and PDWDCF (1 count).

4.     The case was presented to a jury on July 13, 14 and 15, 2017.

5.    Defendant stipulated that he was prohibited by Delaware law from possessing, owning, or controlling a deadly weapon, including a knife of any sort.

6.    The jury found the Defendant guilty of the charges of Assault Second Degree, PDWDCF (2 counts), CCDW, PDWBPP, and Aggravated Menacing. The jury found the Defendant not guilty of the charge of Conspiracy Second Degree.

7.    Defendant filed a timely motion for judgment of acquittal pursuant to Super. Ct. Crim. R. 29(c) on the grounds that there was insufficient evidence to support a finding that Defendant possessed a knife, which was a necessary finding for convictions on all charges except Aggravated Menacing. Defendant requests that a judgment of acquittal be entered on the charges of Assault Second Degree, PDWDCF (2 counts), CCDW and PDWBPP. According to Defendant, the only testimony to support a finding that Defendant possessed a knife was the testimony of the victim. Defendant points out that Defendant himself and Defendant's co-defendant both testified that Defendant did not have a knife. Defendant also states that there was no medical testimony that the alleged victim was cut by a knife.

9.    The State opposes Defendant's motion. While conceding that a knife was not recovered and was not presented to the jury as evidence, the State points to the testimony of the victim who testified at trial that Defendant was waiving around an object that was "metal" and "shining" and further testified that the victim believed

2

the object to be a box cutter. The State also points to the medical records of the victim's treatment which noted the victim's injury as a "laceration."

10. The standard of review for a motion for judgment of acquittal is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime.[1] There is no distinction between direct and circumstantial evidence in making this determination.[2] Both direct and indirect evidence may be relied upon to support a conviction, as long as all evidence taken together establishes guilt beyond a reasonable doubt.[3]

11. The victim testified that Defendant slashed the victim's face. The victim also testified that Defendant chased the victim while yelling, "I'm gonna kill you." The victim testified that he feared for his life.

12. A deadly weapon need not be admitted at trial to sustain a jury guilty verdict even where, as here, the deadly weapon at issue was not produced at trial and the verdict required proof of the defendant's possession of it.[4]

---

[1] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998) (*citing Davis v. State*, 706 A.2d 523, 524 (Del. 1998); *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995)).
[2] *Forrest v. State*, 721 A.2d 1271, 1279 (Del. 1999); *Cline*, 720 A.2d at 892 (*citing Davis*, 706 A.2d at 524; *Hoey v. State*, 689 A.2d 1177, 1181 (Del. 1997); *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).
[3] *Hoey*, 689 A.2d at 1181 (*citing Skinner*, 575 A.2d at 1121).
[4] *State v. Clark*, 1992 WL 354073, at *1, 5 (Del. Super. Oct. 23, 1992).

3

13. This Court's ruling in *State v. Clark* supports a ruling to uphold the jury verdict in this case. The *Clark* Court ruled that "there was no need to introduce a weapon" for a jury to convict the defendant on Assault Second Degree; Possession of a Deadly Weapon During the Commission of a Felony; and Possession of a Deadly Weapon by Person Prohibited.[5] According to the Court, whether the victim was hit by a handgun "was an issue for the jury to decide."[6] In *Clark*, the jury heard testimony from the victim who said the defendant struck him twice with a handgun.[7] The victim's mother testified that she had seen the defendant earlier with a handgun.[8] The Court ruled that the issue was settled once the jury decided that the defendant held a handgun and struck the defendant with it.[9] The Court found that there was no basis for a judgment of acquittal solely because the weapon itself was not in evidence.[10]

14. Based on the entire record, including all direct and circumstantial evidence and references there from, a rational trier of fact viewing the evidence in the light most favorable to the State could find Defendant guilty beyond a reasonable

[5] *Clark*, 1992 WL 354073, at *1, 5.
[6] *Id.* at *5.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

4

doubt of all the elements of Assault Second Degree, PDWDCF (2 counts), CCDW and PDWBPP.

**NOW, THEREFORE, THIS 4ᵗʰ day of August, 2017, Defendant's Motion for Judgment of Acquittal is hereby DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Andrea L. Rocanelli

5