IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :

                         :

v.                     :       I.D. No. 1512011828

                         :

GRANT PITTAWAY       :

Submitted: October 23, 2017
Decided: November 2, 2017

On Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)
of the Superior Court Criminal Rules of Procedure,
or in the Alternative,
a Motion for a New Trial
**DENIED**

## ORDER

Jeffrey Rigby, Esquire, Attorney for the State

Joe Hurley, Esquire, Attorney for Defendant

**Johnston, J.**

Defendant Pittaway was charged with one count of Assault Second Degree. The case originally was tried beginning January 18, 2017. The jury was unable to reach a unanimous decision. The Court declared a mistrial.

The second jury trial resulted in verdict of guilty on August 16, 2017. On August 25, 2017, Defendant filed a Motion for Judgment of Acquittal Pursuant to Rule 29(c) of the Superior Court Criminal Rules of Procedure, or in the Alternative, a Motion for a New Trial. The State filed a response in opposition to the motion.

Defendant argues that there are irreconcilable conflicts in the State's evidence that prevent any rational jury from finding Defendant guilty. Defendant sets forth his arguments in very specific detail. Defendant acknowledges that the burden is on him to obtain the relief requested. However, Defendant contends that this is one of the rare cases which should have been removed from the jury's consideration.[1]

In order to obtain a judgment of acquittal[2], a defendant must demonstrate that no rational trier of fact, viewing the evidence in a light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all of the

---

[1]*See Washington v. State*, 4 A.3d 375, 378 (Del. 2010); *Bland v. State*, 263 A.2d 286, 288 (Del. 1970).

[2]Super. Ct. Crim. R. 29(c).

elements of the crime charged.[3] "[I]t is the sole province of the fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts."[4] Irreconcilable conflicts will be found "only in a rare case."[5]

The alternative relief of a new trial may be granted "if required by the interest of justice."[6] In this case, Defendant asserts that the verdict is against the weight of the evidence.[7]

The allegations in the case stem from an altercation at a bar between Defendant and the victim. The State alleged that Defendant punched the victim in his face, resulting in serious physical injury. The Court presided at both trials. The State called three live witnesses: the victim, an eyewitness to part of the relevant events, and the arresting officer. The testimony of the treating nurse was presented by stipulation at the second trial. The defense called two witnesses: Defendant and another eyewitness to part of the relevant events.

---

[3] *Davis v. State*, 706 A.2d 523, 525 (Del. 1998).

[4] *Poon v. State*, 880 A.2d 236, 238 (Del. 2005).

[5] *Washington*, 4 A.3d at 378.

[6] Super. Ct. Crim R. 33.

[7] *See State v. Fullerton*, 2006 WL 1743459, at *2(Del. Super.).

The testimony of the victim, the Defendant, and both eyewitnesses varied in many respects. The confrontation escalated quickly and all witnesses had different vantage points. As is usual, the witnesses had differing degrees of certainty about what occurred. Both Defendant and the victim had been consuming alcohol.

Defendant has gone into great detail enumerating the differences in the testimony of the victim and the State's eyewitness. Defendant did not dispute that he struck the victim or that the contact resulted in serious physical injury. Rather, Defendant asserted self-defense.

The Court finds that the distinctions in the testimony of the witnesses presented by the State do not rise to the level of the "rare case" in which there are "irreconcilable conflicts." Although there was conflicting testimony about who was standing where, and who said what leading up to the confrontation, the most salient facts are not disputed. Defendant punched the victim in the face, causing serious injury. A reasonable jury could have found that Defendant acted intentionally or recklessly, and not in self-defense. A rational trier of fact, viewing the evidence in a light most favorable to the State, could have found Defendant guilty beyond a reasonable doubt of all of the elements of the crime charged.[8] The interests of justice do not require a new trial.[9]

---

[8]Super. Ct. Crim. R. 29(c); *Davis v. State*, 706 A.2d 523, 525 (Del. 1998).

[9]Super. Ct. Crim. R. 33.

**THEREFORE,** Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) of the Superior Court Criminal Rules of Procedure, or in the Alternative, a Motion for a New Trial is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**Mary M. Johnston, Judge**

Original to Prothonotary