IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNOEN MOORE, | § | |
| | § | No. 313, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1505021330(N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 11, 2018
Decided: May 29, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ** and **TRAYNOR**, Justices, constituting the Court *en banc*.

**O R D E R**

This 29th day of May 2018, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    A Superior Court jury found Defendant Below, Appellant Shannoen Moore guilty of Aggravated Possession of Cocaine, Aggravated Possession of Heroin, and Conspiracy in the Second Degree, after which Moore was sentenced to a total of 16 years of incarceration, suspended after 4 years and 6 months, followed by decreasing levels of probation.

(2)    The charges were the product of a February 2013 investigation of drug activity in the area of 30th and Washington Streets in the city of Wilmington

conducted by the Wilmington Police Department and the Federal Bureau of Investigation. During the investigation, after surveilling Moore and another suspect, Rashaan Cherry, the investigating officers arrested Cherry and found a substantial amount of heroin and cocaine in his silver Acura, one of two motor vehicles Cherry maintained in the area. The heroin and cocaine were in four separate bags, all of which were contained within another larger black trash bag. One of the four bags within the larger trash bag contained 5,000 small bags of heroin and, on its outside surface, three latent fingerprints belonging to Moore.

(3) At the close of the State's evidence during Moore's trial, he moved for a judgment of acquittal, arguing that the evidence presented at trial was insufficient to sustain a finding beyond a reasonable doubt that he possessed the cocaine and heroin.

(4) This Court reviews an appeal from a trial judge's denial of a motion for judgment of acquittal *de novo* "to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime."[1] In making this determination, we do not distinguish between direct and circumstantial evidence.[2]

---

[1] *Lum v. State*, 101 A.3d 970, 971 (Del. 2014).
[2] *Id.*

(5)     The cornerstone of Moore's argument is that the only evidence supporting his conviction were the fingerprints found on the bag containing heroin. Moore notes that he was not with Cherry when Cherry was arrested and that the police never saw Moore inside the silver Acura. Relying—as he did below—on what he characterizes as the rule recognized in *Monroe v. State*,[3] Moore argues that when the incriminating evidence consists only of fingerprints at the crime scene, the State must prove that the prints "could have been impressed only at the time the crime was committed."[4]  But even if Moore's understanding of *Monroe* is correct, that "rule" would not help him because his convictions did not rest *solely* on the fact that his fingerprints were found on the bag containing the heroin.

(6)     Here, the jury heard the testimony of the officers who had watched Moore and Cherry in the days immediately prior to their seizure of the drugs from Cherry's car. Some of that surveillance was captured on video and presented to the jury. Between the officers' testimony and the surveillance video, the jury heard and saw that Moore and Cherry were frequently seen hanging out in the vicinity of Washington Street between 30th and 31st Streets in Wilmington. Moore and Cherry appeared to be the center of attention and were frequently approached by both pedestrians and motorists. According to the officers, on several occasions, one of

---

[3] 652 A.2d 560 (Del. 1995).
[4] Opening Br. 10 (quoting *Monroe*, 652 A.2d at 564).

3

which was captured on video and viewed by the jury, Moore's actions suggested that he was acting as a "lookout" as Cherry would move toward the silver Acura.

(7)     Although, when viewed in isolation, the objective of Moore's and Cherry's conduct as described by the witnesses and depicted in the surveillance video is not certain, taken in the light most favorable to the State, their behavior supports an inference that they were engaged in concerted activity. And when the cocaine and heroin found in Cherry's silver Acura and Moore's fingerprints on the bag are added to the evidentiary mix—and that mix is evaluated in the light most favorable to the State—that evidence supports an inference that Moore was assisting Cherry in the sale of cocaine and heroin, using the silver Acura as a convenient storage locker. Contrary to Moore's contention, his conviction did not, then, rest "solely on [his] fingerprints being found on an object at [the] crime scene."[5]

(8)     We recognize that there are cases where the prosecution rests on nothing more than the discovery of the defendant's fingerprint in a place and under circumstances where it is equally likely to have been left under innocent circumstances as during the commission of the crime. But as the record shows, this is not such a case.

---

[5] *Monroe*, 625 A.2d at 564.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court be AFFIRMED.

BY THE COURT:


/s/ Gary F. Traynor
Justice