# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1804002100 |
| | ) | |
| KEYTWAN L. DEPUTY | ) | |
| Defendant. | ) | |

Submitted: February 11, 2019
Decided: April 4, 2019

### *Upon Defendant's Renewed Motion for Judgment of Acquittal*
### GRANTED

This matter was presented to a jury on October 4, 2018. At the conclusion of the State's evidence, outside the presence of the jury, Defendant Keytwan Deputy ("Defendant") moved for a Judgment of Acquittal. The motion was denied by the Court pursuant to Rule 29(a) of the Superior Court Criminal Rules of Procedure.

Defendant presented no evidence and rested.

Defendant renewed his motion for judgment of acquittal. Pursuant to Rule 29(b), the Court reserved decision on the motion and the case was submitted to the jury. The jury returned verdicts of Guilty on Possession of a Firearm By a Person Prohibited and Possession of Ammunition By a Person Prohibited. The Court denied the motion for judgment of acquittal.

Consistent with Rule 29(c), Defendant's motion for judgment of acquittal was renewed during the period of time fixed by the Court.

## State's Evidence Presented at Trial

The State presented four witnesses: two law enforcement officers and two forensic experts. Detective James Wiggins, the State's Chief Investigating Officer, testified that he executed a search warrant at 1315 Delaware Avenue, Apartment 17, on April 4, 2018. Inside the one-bedroom apartment, a loaded firearm was recovered from inside a blue lawn chair bag located near a mattress leaning up against a wall in the living room.

Several documents with Defendant's name were also found in the living room. However, none of the documents listed the 1315 Delaware Avenue address. Rather, two pieces of mail indicated the address of 835 North Clayton Street. In the apartment, Police also located a digital camera containing pictures of Defendant and pill bottles prescribed to Defendant. There was male clothing in the apartment that Detective Wiggins described would fit a large adult male, but the clothing was not linked in any way to Defendant. Defendant was not present at the time the search of the apartment was executed and no evidence was presented that Defendant leased the apartment. Although Defendant's DNA was tested, there was no conclusive evidence that Defendant's DNA was anywhere in the apartment and Defendant's fingerprints were not on the firearm.

The State also presented the testimony of Officer Justin Phelps, who testified that he observed Defendant in the area of 1315 Delaware Avenue approximately 7-

10 days prior to the execution of the search warrant. Specifically, Officer Phelps testified that he saw a male he knew to be Defendant walking on the sidewalk near 1315 Delaware Avenue, but Officer Phelps conceded that he did not see Defendant actually enter or exit the building.

The State and Defendant stipulated that, on or about April 4, 2018, Defendant was a person prohibited by Delaware law from possessing owning, or controlling a firearm and ammunition for a firearm.

## Standard of Review

A motion for judgment of acquittal is governed by Superior Court Criminal Rule 29. The Court may enter a judgment of acquittal only if "the evidence is insufficient to sustain a conviction."[1] The Court considers the evidence "together with all legitimate inferences therefrom . . . from the point of view most favorable to the State."[2] The standard of review a trial judge employs on a motion for judgment of acquittal is whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime.[3] For the purposes of reviewing a claim of

---

[1] Super. Ct. Crim. R. 29(a).
[2] *State v. Biter*, 119 A.2d 894, 898 (Del. Super. 1955).
[3] *Davis v. State*, 706 A.2d 523, 525 (Del. 1998).

insufficient evidence, the Court does not distinguish between direct and circumstantial evidence.[4]

## Discussion

A conviction for Possession of a Firearm or Ammunition by a Person Prohibited requires proof that the defendant is a prohibited person *and* that the defendant "knowingly possesses, purchases, owns or controls a deadly weapon or ammunition for a firearm while so prohibited."[5] With respect to possession, sufficient evidence of constructive possession will support a conviction for Possession of a Firearm or Ammunition by a Person Prohibited.[6]

The parties stipulated that Defendant was a prohibited person. Since the firearm was not actually on Defendant's person, the State is required to prove Defendant had constructive possession of the firearm. In order to prove constructive possession of a firearm, the State must show that the defendant "(i) knew the location of the gun; (ii) had the ability to exercise dominion and control over the gun; and (iii) intended to exercise dominion and control over the gun."[7]

There is no evidence that Defendant knew the location of the firearm. The evidence presented at trial through the testimony of the police officers did not place

---

[4] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998).
[5] 11 *Del. C.* § 1448(b).
[6] *Lecates v. State*, 987 A.2d 413, 426 (Del. 2009).
[7] *Triplett v. State*, 2014 WL 1888414, at *2 (Del. May 9, 2014).

4

Defendant in the apartment unit at the same time as the firearm. There was no testimony as to whether Defendant was ever in the apartment or when the firearm was placed into the apartment. Similarly, there was no testimony as to when Defendant's personal items were placed into the apartment. The location of Defendant's possessions in the same location as the firearm is not sufficient to establish that Defendant knew the location of the firearm.

There is no evidence presented that Defendant had the ability or intention to exercise dominion and control over the gun. There is minimal evidence tying Defendant to the apartment. No key to the apartment was recovered from Defendant. There was no evidence that Defendant leased the apartment. All the personal documentary items attributed to Defendant had an address different from the address of the subject apartment.

There was no forensic evidence that connected the firearm to Defendant. No latent fingerprints were recovered from the firearm, ammunition, or magazine. Although the firearm was analyzed for presence of DNA and compared to Defendant's known DNA sample, there was no DNA evidence that connected Defendant to possession of the firearm.

The State relied upon circumstantial evidence to establish constructive possession of the firearm. The evidence presented was insufficient to establish possession of the firearm by Defendant. Even when viewing the evidence in the

light most favorable to the State, a rational trier of fact could not have found Defendant guilty of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited beyond a reasonable doubt.

## Conclusion

Therefore, based on the entire record, including all direct and circumstantial evidence, and the references therefrom, the State did not meet its burden of proving the element of possession beyond a reasonable doubt for each of the charges: Possession of a Firearm By a Person Prohibited (Count I) and Possession of Ammunition By a Person Prohibited (Count II). The Court finds that the evidence was not sufficient to support a finding of constructive possession. Justice requires that the jury's verdict be set aside.

**NOW, THEREFORE, the Defendant's Motion for Judgment of Acquittal is GRANTED. Pursuant to Rule 29(c), the verdicts of guilty are hereby set aside and judgments of acquittal are hereby entered on both charges.**

**IT IS SO ORDERED.**

_____
**The Honorable Andrea L. Rocanelli**

6